**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:23-cv-23362-LEIBOWITZ/AUGUSTIN-BIRCH**

PENROD BROTHERS INC.,

*Plaintiff*,

v.

CITY OF MIAMI BEACH,

*Defendant*.

_______________________________/

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS**

The City refuses to collect and produce City communications and documents because they are located on *private devices and email servers*.[1] These are City documents by City officials involving City business about facts at the center of this dispute. Parties cannot hide from discovery because their personnel do work on personal cell phones and emails; public actors cannot hide public records by conducting public business on personal devices. That is why the City's Response, ECF No. [102] ("Resp."), offers zero legal authority to support any of its objections (including objections improperly raised for the first time not it its formal response to Plaintiff's request for production, but in its Response to this Motion). The Court should compel production.

***Control.*** The Response ignores, and therefore concedes, the well-settled law recited in Plaintiff's Motion (ECF No. [96]), that the City "controls" for discovery purposes all business records even if made or held on personal devices. Text messages by, *e.g.*, the City Manager or a City Commissioner about Penrod, the Property, or the RFP, are both "public records" <u>and</u> within the City's "control"—even if located on the Manager's or Commissioner's cell phone. So the only question is whether the City has a valid objection to collecting and producing those records. It does not.

***Legislative Privilege***. The City failed to object to document production because of a claimed "legislative privilege" (*see* ECF No. 94-1 Ex. B), so it waived any such objection. *See Socas v. Nw. Mut. Life. Ins. Co.*, 2008 WL 619322, at *6 (S.D. Fla. Mar. 4, 2008) (objection waived when first raised in response to motion to compel). Regardless, there is no "legislative privilege" against *document production*. There is no federal privilege, *at all*, preventing evidence or testimony from state and local officials. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health*, 164 F.R.D. 257, 266-68 (N.D. Fla. 1995). Florida's legislative privilege extends only to compelled *testimony*, not document production, so it is inapplicable here; and, anyway, the privilege is overridden when a legislator's "intent" is at issue, as it is here. *See League of Women Voters of Fla. v. Fla. House of Rep.*, 132 So. 3d 135, 138 (Fla. 2013) (cited by City; court *compelled testimony*). So this new objection fails.

***Apex***. The City could not locate a single case anywhere "extending" the apex doctrine to block

[1] The parties are attempting to resolve, and ask that the Court defer consideration of, the Motion (only) as to data *on City servers/platforms*. Based on continued good faith conferral and technical review by and between the parties, Plaintiff understands that the City is not standing on any objections to collecting and producing all responsive and non-privileged emails and documents from "apex" custodians located on City servers/platforms, and that errors with the City's vendor may have unintentionally delayed such production. Plaintiff seeks leave to raise related issues with the Court by separate motion if the parties cannot fully resolve same.

document collection and production; rather, every court has rejected such an attempt. *See* Mot. at 3. That is because (among other reasons) document discovery is a "low burden" and "less time consuming and distracting" than deposition. *E.g.*, *L.A. All. v. City of Los Angeles*, 2023 WL 5505037, at *6 (C.D. Cal. Aug. 2, 2023); *Rosinbaum v. Flowers Foods, Inc.*, 238 F. Supp. 3d 738, 749 (E.D.N.C. 2017).[2] Despite the City's misdirection, 4 of the 7 "apex" custodians no longer work for the City, so discovery cannot "disrupt their responsibilities." *Contra* Resp. at 3. And, document collection from cell phones takes 2-3 hours; the City offers no case (and we could find none) suggesting this could be an undue burden sufficient to bar discovery. Finally (although beyond this Motion), Plaintiff has alleged that the City Manager, Mayor and Commissioners had personal, first hand involvement in the facts at issue, so the "apex" doctrine is entirely inapplicable.

***Privacy***. The Response raises another new (and therefore waived) objection—that "searching personal devices of current or former officials violates privacy expectations." Resp. at 3. But *City of Ontario, Cal. v. Quon* (which had nothing to do with civil discovery) held the *opposite*—that a city *can* search messages on its employees' private devices "for a noninvestigatory, work related purpose" as an exception to the Fourth Amendment's warrant requirement. 560 U.S. 746, 761 (2010); *see also Biby v. Bd. of Regents, of Univ. of Nebraska*, 419 F.3d 845, 850-51 (8th Cir. 2005) (affirming no Fourth Amendment violation, under 'noninvestigatory, work related purpose exception,' where government searched computer of former employee in response to discovery request for documents). Regardless, as the Motion's unrebutted cases confirm, none of the City's officials have *any* privacy rights *at all* in communications on personal devices *about City affairs*—which includes every record relating to Penrod, the Property, the RFP, and the facts in this lawsuit. *E.g.*, *Flagg v. City of Detroit*, 252 F.R.D. 346, 351 (E.D. Mich. 2008) (city employees had no privacy rights in text messages on personal devices about city business); *Bd. of Cty. Comm'rs of Palm Beach Cty. v. D.B.*, 784 So. 2d 585, 591 (Fla. 4th DCA 2001) ("There is no right to privacy in public records in which there is no legitimate expectation of privacy from governmental intrusion."). So the City must collect and produce them.

Plaintiff requests the Court grant its Motion and the relief therein.

---

[2] Indeed, the City's cases explicitly limit "apex" protection to depositions (not documents), and, astoundingly, both *compelled* the requested testimony. *See Fla. v. U.S.*, 625 F. Supp. 3d 1242, 1247 (N.D. Fla. 2022); *Apple Inc. v. Corellium, LLC*, 2020 WL 1849404, at *3 (S.D. Fla. Apr. 13, 2020).



STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

Dated: January 6, 2025

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
Facsimile: 305-789-3395
By: */s/ Jason S. Koslowe*
MARIA A. FEHRETDINOV
Florida Bar No. 52084
mfehretdinov@stearnsweaver.com
JASON S. KOSLOWE
Florida Bar No. 122758
jkoslowe@stearnsweaver.com
RYAN T. THORNTON
Florida Bar No. 99195
rthornton@stearnsweaver.com

***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2025, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| ROBERT F. ROSENWALD, JR., Chief Deputy City Attorney<br>HENRY J. HUNNEFELD, First Assistant City Attorney<br>FREDDI MACK, Senior Assistant City Attorney<br>henryhunnefeld@miamibeachfl.gov<br>robertrosenwald@miamibeachfl.gov<br>freddimack@miamibeachfl.gov<br>700 Convention Center Drive<br>4th Floor – Legal Department<br>Miami Beach, FL 33139<br><br>*Attorney for Defendant* | Eric P. Hockman, Esq.<br>Edward G. Guedes, Esq.<br>Anne R. Flanigan, Esq.<br>WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.<br>2800 Ponce De Leon Blvd., Suite 1200<br>Coral Gables, FL 33134<br>ehockman@wsh-law.com<br>eguedes@wsh-law.com<br>aflanigan@wsh-law.com<br><br>*Attorneys for Defendant* |

*/s/ Jason S. Koslowe*
JASON S. KOSLOWE