UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-23362-LEIBOWITZ/AUGUSTIN-BIRCH

**PENROD BROTHERS, INC.,**

    **Plaintiff,**

v.

**THE CITY OF MIAMI BEACH, FLORIDA,**

    **Defendant.**

_____/

## ORDER GRANTING DEFENDANT'S MOTIONS FOR PROTECTIVE ORDERS

This matter comes before the Court on Defendant City of Miami Beach's Motion for Protective Order for Current and Former City Managers, which is briefed at docket entries 112, 117, and 119.  The matter also comes before the Court on Defendant's Motion for Protective Order for Current and Former Elected City Officials, which is briefed at docket entries 113, 118, and 120.  The Court held a hearing on the Motions for Protective Orders on March 6, 2025.

The Court has carefully considered the parties' briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises.  For the reasons set forth below, the Motions for Protective Orders [DE 112; DE 113] are **GRANTED**.

    **I.**    **Motion for Protective Order for Current and Former City Managers**

The Court has recited the allegations and claims at issue in this case in prior Orders, including the Orders appearing at docket entries 92 and 107.  In the first Motion for Protective Order that is now before the Court, Defendant seeks a protective order barring Plaintiff Penrod Brothers, Inc. from taking the depositions of Alina Hudak (Defendant's former City Manager) and Eric Carpenter (Defendant's current City Manager, formerly the Deputy City Manager).  DE 112.

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

As an initial matter, Plaintiff asserts that "[c]ase law suggests" that Defendant lacks standing to seek a protective order on behalf of a former city official. DE 117 at 3. To support this assertion, Plaintiff cites to caselaw standing for the general proposition that a party must have a personal right or privilege to the information being sought through discovery in order to obtain a protective order. *See id.* at 3 n.2; *see also Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, No. 05-61225-CIV, 2006 WL 8411611, at *1 (S.D. Fla. May 16, 2006) ("Generally, a party does not have standing to challenge a subpoena served on a non-party (or move for a protective order with respect thereto) unless the party asserts a personal right or privilege with respect to the subject matter of the subpoena."). Plaintiff seeks to hold Defendant liable for the actions of its employees, including those who are not current employees. In this circumstance, Defendant has a personal right or privilege that enables it to move for a protective order barring the depositions of both current and former employees. *See City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2012 WL 760743, at *1 (S.D. Fla. Mar. 7, 2012) ("Counter-Plaintiffs, however, are seeking to depose Gretsas as a former government official of the City of Fort Lauderdale, not as Homestead's City Manager. The Court, therefore, finds that the City does have standing to bring the instant motion [for a protective order]."). Plaintiff has provided no caselaw supporting a ruling to the contrary.

Defendant maintains that the Court should issue a protective order barring Ms. Hudak and Mr. Carpenter's depositions due to the apex doctrine. A party seeking a protective order generally "carries a heavy burden to show why discovery should be denied," but a "party seeking the deposition of the high-ranking official has the burden to show that the deposition is necessary." *Apple Inc. v. Corellium, LLC*, No. 19-81160-CV, 2020 WL 1849404, at *3 (S.D. Fla. Apr. 13,

2020) (quotation marks omitted); *see also In re Mun. of Mariana*, No. 24-CV-22918, 2024 WL 4602818, at *2 (S.D. Fla. Oct. 29, 2024) ("The party seeking to depose a high-ranking official bears the burden of showing that the deposition is necessary.").

"[F]ederal courts have held that high ranking government officials are not to be deposed as to their official actions, absent extraordinary circumstances." *Scott*, 2012 WL 760743, at *3. "Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Apple Inc.*, 2020 WL 1849404, at *3 (quotation marks omitted). A party seeking to depose a high-ranking official must establish that the official "(1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Id.* (quotation marks omitted); *see also Scott*, 2012 WL 760743, at *3 (stating that the test to depose a high-ranking government official "may be met when high-ranking officials have direct personal factual information pertaining to material issues in an action and the information to be gained is not available through any other sources" (quotation marks omitted)). Plaintiff does not contest that city manager is a position that is sufficiently high-ranking for the apex doctrine to apply.

To support its assertion that Ms. Hudak and Mr. Carpenter have unique, non-repetitive, firsthand knowledge of relevant facts, Plaintiff attached to its Response approximately 430 pages of exhibits, a few of which are deposition transcripts spanning over 100 pages each. *See* DE 117-2 through -36. In the Response, Plaintiff did not point the Court to any particular portions, pages, lines of testimony, or exhibits to support a proposition that Ms. Hudak and Mr. Carpenter have

relevant knowledge. Instead, Plaintiff referred to all of "the attached evidence" (all 430 pages) to support that proposition. DE 117 at 4.

"[J]udges are not like pigs, hunting for truffles buried in the record." *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) (alteration and quotation marks omitted). Because Plaintiff did not point to specific evidence in the briefing, leading into the March 6 hearing the Court could not know what evidence Plaintiff maintains shows what knowledge Ms. Hudak or Mr. Carpenter possess. The Court could not prepare questions targeted toward specific evidence. Further, Defendant could not fairly reply to Plaintiff's position on specific evidence.

Nevertheless, the Court has reviewed the exhibits, including those that Plaintiff highlighted during the March 6 hearing. Plaintiff has not met its burden to show that Ms. Hudak and Mr. Carpenter have "unique, non-repetitive, firsthand knowledge of the facts at issue." *Apple Inc.*, 2020 WL 1849404, at *3 (quotation marks omitted). To the extent Plaintiff intends to depose them concerning the resolution, request for proposal, and bidding processes, Plaintiff has not shown that there are no lower-ranking city employees who could provide the same information. In answers to interrogatories, Defendant identified other city employees with involvement in these processes, *see* DE 119-2 at 1–3, and Plaintiff does not contend that it deposed those employees and could not obtain any particular information that it seeks to discover. To the extent Plaintiff intends to depose Ms. Hudak or Mr. Carpenter about meetings they attended or communications they had involvement with, certainly Ms. Hudak or Mr. Carpenter was not a sole participant in a meeting or communication.

Similarly, Plaintiff has not met its burden to show that "other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Apple Inc.*, 2020 WL 1849404, at *3 (quotation marks omitted). In its Response,

4

Plaintiff argues in a conclusory fashion that it "has attempted to obtain information RFAs [sic] and interrogatories, which has proven insufficient." DE 117 at 4. Plaintiff does not point to any specific discovery request and explain how or why it has been prevented from obtaining a complete response. And again, Plaintiff does not contend that it deposed lower-ranking employees with relevant knowledge.

Plaintiff makes several arguments why a protective order should not be issued. First, Plaintiff asserts that the Court need not conduct an apex analysis at all because Ms. Hudak and Mr. Carpenter did not provide evidence such as affidavits "foreswearing personal knowledge of the relevant facts." *Id.* at 3. Plaintiff relies on caselaw stating that an affidavit or declaration can show that an officer does not possess personal knowledge regarding facts at issue. *See Cuervo v. Airport Servs., Inc.*, No. 12-20608-CIV, 2014 WL 12802522, at *3 (S.D. Fla. Mar. 4, 2014); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318-CIV, 2010 WL 1644959, at *1 (S.D. Fla. Apr. 22, 2010). But Plaintiff cites no case indicating that such evidence is a requirement for an official to be protected from a deposition under the apex doctrine. The Court is not convinced that an affidavit foreswearing personal knowledge is a precondition to the apex doctrine applying.

Plaintiff next argues that the apex doctrine cannot apply to an official who has direct or personal involvement in the events at issue. DE 117 at 3. Plaintiff cites an out-of-district case where the court stated that "the apex doctrine rarely, if ever, shields a lead official from discovery when the official is directly involved in the event at issue and has personal knowledge about it." *Kimberly Regenesis, LLC v. Lee Cnty.*, No. 2:19-cv-538, 2021 WL 5285093, at *6 (M.D. Fla. Sept. 29, 2021). To support that statement, the *Kimberly Regenesis* court cited a single case where a court denied a protective order and permitted the deposition of a sheriff when the sheriff was a named defendant. *Woolfolk v. Columbia Cnty.*, No. 3:07-cv-137, 2008 WL 11433240, at *2 (M.D.

5

Fla. Feb. 22, 2008) ("[T]he Court concludes that Plaintiffs have shown the circumstances required to go forth with Gootee's deposition in this case. Sheriff Gootee is a named defendant and it has been alleged that he can provide testimony of his observations, directions, if any, and involvement, at the incident scene for the relevant time period after Mr. Woolfolk was placed in custody but prior to his death." (citation omitted)). As Ms. Hudak and Mr. Carpenter are not named defendants, this line of caselaw is distinguishable.

Plaintiff cites a second out-of-district case where the court stated that, "where the executive has personal knowledge of and involvement in certain relevant matters or where conduct and knowledge of the highest corporate levels are relevant in the case, a deposition of the executive is generally permitted." *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2009 WL 4730321, at *1 (M.D. Ga. Dec. 1, 2009). But both *In re Mentor Corp.* and the case on which that court relied, *In re Bridgestone/Firestone, Inc.*, were multidistrict litigation cases, and the courts pointed to the breadth of the cases as one of the rationales to allow depositions of high-ranking corporate executives to proceed. *Id.* at *2 ("Finally, the depositions of Conway and Levine are not for purposes of a single personal injury case—they are to be used in every case pending in this MDL proceeding."); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002) ("[T]he plaintiffs seek to depose Mr. Ford, not for purposes of a single personal injury case, but to depose him *once* for all of the hundreds of personal injury cases pending in the MDL, the MDL class action, and many state court cases."). As this case is not such sweeping multidistrict litigation, this line of caselaw likewise is distinguishable.

In addition to the caselaw on which Plaintiff relies being distinguishable, the Court views Plaintiff's argument that the apex doctrine does not protect an official with direct or personal

involvement to be a rephrasing of the first element that Plaintiff must show for the depositions to go forward—that the official has unique, non-repetitive, and firsthand (i.e. direct or personal) knowledge. As explained above, Plaintiff has not established that element.

With respect to Ms. Hudak, Plaintiff asserts that the deposition must be allowed because it will not interfere with official duties as, being a former city employee, she no longer has official duties. DE 117 at 4. An additional element that Plaintiff must show to depose a current high-ranking government official is that the deposition "would not significantly interfere with the ability of the official to perform his government duties." *Scott*, 2012 WL 760743, at *3; *see also In re Mun. of Mariana*, No. 24-CV-22918, 2024 WL 4949031, at *4 (S.D. Fla. Dec. 3, 2024) (articulating this element as requiring a showing that the deposition would not significantly interfere with the ability of the official to perform government duties or that reasonable accommodations could ameliorate such interference). But it does not follow that, if Plaintiff establishes this element (for example, by showing that the deponent does not have official duties), the deposition must be allowed.

Avoiding interference with official duties is one justification for the apex doctrine. But another justification for the apex doctrine is that judicial scrutiny of the decision-making process of high-ranking officials would deter public service. *See Scott*, 2012 WL 760743, at *2 ("Two reasons underlie the reluctance of courts to allow discovery of high-ranking officials. The first is to protect the officials from discovery that will burden the performance of their duties, particularly given the frequency with which such officials are likely to be named in lawsuits. The second is to protect the officials from unwarranted inquiries into their decision-making process." (quotation marks omitted)). "Courts have held that subjecting the decision-making processes of former high-ranking government officials to judicial scrutiny and the possibility of continued participation

in lawsuits years after leaving public office would serve as a significant deterrent to qualified candidates for public service." *Id.* (quotation marks omitted).  For this reason, the apex doctrine "has been extended to cover depositions of former high ranking officials." *Id.*  Lacking any caselaw holding that the apex doctrine cannot cover former officials, the Court rules that the apex doctrine can apply to Ms. Hudak even though she is no longer a city employee.

Finally, Plaintiff maintains that, if it cannot depose Ms. Hudak and Mr. Carpenter, then Defendant should not be permitted to rely on any evidence about what they said, did, or intended in order to defend this case.  DE 117 at 4.  To be clear, the Court is not ruling that Plaintiff can never depose Ms. Hudak and Mr. Carpenter, but only that, at this juncture, Plaintiff has not met its burden to show that their depositions are necessary.  Further, issues concerning evidence admissibility should be resolved at a later stage of the case, such as upon a motion *in limine*.[1]  At the present stage, the Court issues a protective order barring Plaintiff from taking the depositions of Alina Hudak and Eric Carpenter.  Defendant's Motion for Protective Order for Current and Former City Managers [DE 112] is **GRANTED**.

**II.     Motion for Protective Order for Current and Former Elected City Officials**

In the second Motion for Protective Order before the Court, Defendant seeks a protective order barring Plaintiff from taking the depositions of Defendant's Mayor Steven Meiner, Defendant's former Mayor Dan Gelber, City Commissioners Alex Fernandez, Laura Dominguez, and Kristen Rosen Gonzalez, and former City Commissioners David Richardson and Ricky

---

[1] The case on which Plaintiff relies to argue that, absent the depositions, Defendant should not be permitted to use certain evidence to defend its case addressed rulings on motions *in limine*.  *See Congregation 3401 Prairie Bais Yeshaya D'Kerestir, Inc. v. City of Mia. Beach*, No. 22-21213-CIV, 2023 WL 11822210, at *4 (S.D. Fla. May 29, 2023) ("But a protective order should not serve as both a shield and a sword—Defendant may not present the Mayor's testimony at trial without first allowing Plaintiff the ability to depose him prior to that testimony being elicited at trial.").

Arriola. DE 113. Defendant maintains that the Court should issue a protective order due to the apex doctrine and legislative privilege.

With respect to the apex doctrine, and as with the current and former city managers, Plaintiff has not met its burden to show that the depositions of the current and former mayors and the current and former city commissioners are necessary. Plaintiff has not shown that these individuals have unique, non-repetitive, firsthand knowledge of facts at issue and has not shown that less intrusive discovery means have been exhausted without success. Plaintiff's arguments in its Response to this Motion are as conclusory as those in its Response to the Motion discussed above, and Plaintiff relies on the same caselaw. The Court's rulings above with respect to the current and former city managers apply to the current and former mayors and the current and former city commissioners as well.

Plaintiff filed approximately 550 pages of exhibits to support its position that the current and former mayors and the current and former city commissioners have unique, non-repetitive, firsthand knowledge of relevant facts. *See* DE 118-2 through -23; DE 121-2 through -7. Plaintiff's Response again did not point the Court to any particular portions, pages, lines of testimony, or exhibits. Nevertheless, the Court has reviewed the exhibits filed at docket entries 118-2 through -23 to make its ruling, including those that Plaintiff highlighted during the March 6 hearing. As stated during the hearing, the Court sustains Defendant's objection to consideration of the exhibits filed at docket entries 121-2 through -7, as Plaintiff did not file those exhibits in a timely manner with its Response. The Court did not consider docket entries 121-2 through -7 to make its ruling.

Plaintiff makes one argument that it did not raise in its Response to the first Motion. Plaintiff does not contest that mayor is a position that is sufficiently high-ranking for the apex

doctrine to apply, but Plaintiff does dispute whether city commissioner is a sufficiently high-ranking position. DE 118 at 3. Plaintiff relies on out-of-district cases where courts have declined to apply the apex doctrine to city and county commissioners. *See Kimberly Regenesis*, 2021 WL 5285093, at *5 ("But this Court has refused to designate county commissioners as high-ranking government officials who are excused from providing testimony."); *Kaleta v. City of Holmes Beach*, No. 8:22-cv-2472, 2024 WL 493000, at *1 (M.D. Fla. Feb. 8, 2024) (citing *Kimberly Regenesis* to justify permitting the depositions of former city commissioners to proceed). In this district, however, courts have applied the apex doctrine to bar depositions of city commissioners. *E.g., Set Enters., Inc. v. City of Hollandale Beach*, No. 09-61405-CIV, 2010 WL 11549673 (S.D. Fla. Nov. 5, 2010); *Diego v. City of Lake Worth, Fla.*, No. 06-81143-CIV, 2007 WL 9701854 (S.D. Fla. Aug. 31, 2007). Given the authority that Defendant's Charter grants to its city commission, the Court rules that the position of city commissioner is sufficiently high-ranking for the apex doctrine to apply. *See* Miami Beach, Fla. Charter art. II, § 2.03 (stating that "[a]ll powers of the City shall be vested in the City Commission except those powers specifically given to the Mayor, the City Manager, the City Attorney, and the City Clerk . . . and except those powers specifically reserved in this Charter to the electors of the City" and giving the City Commission the authority to appoint and remove the City Manager, City Attorney, and City Clerk).

The Court issues a protective order barring Plaintiff from taking the depositions of Steven Meiner, Dan Gelber, Alex Fernandez, Laura Dominguez, Kristen Rosen Gonzalez, David Richardson, and Ricky Arriola. Because the Court is not permitting the depositions to go forward, a ruling on legislative privilege is unnecessary at this juncture. Defendant's Motion for Protective Order for Current and Former Elected City Officials [DE 113] is **GRANTED**.

### III.   Conclusion

For the foregoing reasons, Defendant's Motion for Protective Order for Current and Former City Managers [DE 112] and Motion for Protective Order for Current and Former Elected City Officials [DE 113] are **GRANTED**.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 12th day of March, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE