# EXHIBIT F

Page 1

UNITED STATES DISTRICT CIRCUIT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-23362-LEIBOWTIZ/Augustin-Birch

PENROD BROTHERS INC.,

    Plaintiff,

  vs.

THE CITY OF MIAMI BEACH, FLORIDA,

    Defendant.
_____/

VIDEOTAPED DEPOSITION
OF
JACKIE GEORGE

Taken on Behalf of the Defendant

DATE TAKEN: April 16, 2025
TIME:        10:08 a.m. - 1:55 p.m.
PLACE:       150 West Flagler Street
             Suite 2200
             Miami, Florida 33130

Examination of the witness taken before:

Nancy S. Johnson
United Reporting, Inc.
633 S. Andrews Avenue Suite 202
Fort Lauderdale, FL 33301

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**
(954) 525-2221

Case 1:23-cv-23362-DSL   Document 150-6   Entered on FLSD Docket 04/29/2025   Page 3 of 11

Page 27



1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3 ▮▮▮▮▮▮▮▮▮▮▮▮
4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6 ▮▮▮▮▮▮
7 ▮▮▮▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮
8 ▮ ▮▮▮▮▮
9 ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮ ▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮
13          MS. FEHRETDINOV:  And, Counsel, if you're
14     going to get into the specifics of that, then
15     we're going to be designating that as
16     confidential.  So I don't know if you're going
17     to ask for more specific details.
18          MS. FLANIGAN:  Oh, I definitely am.
19          MS. FEHRETDINOV:  Okay.  So then, at this
20     point, we're going to be designating the
21     internal communications and strategies and
22     discussions at Nikki Beach regarding their
23     plans in connection with the RFP and future
24     RFPs as confidential pursuant to the court's
25     protective order.  And, thus, pursuant to

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**
(954) 525-2221

3ee3a543-741a-4a86-bdc6-97d084d8c6cd

Page 28

1  Paragraph 5 and 6 of that order, nonparty
2  Boucher will be excluded from this portion of
3  the deposition.
4       MS. FLANIGAN:  Let's see.  It's my
5  understanding that Mr. Hanlon will be signing
6  that stipulation, right?
7       MS. FEHRETDINOV:  The stipulation
8  provides that it can signed upon the agreement
9  of the parties.  There isn't a party agreement.
10      We may be willing to make an
11 accommodation if Mr. Hanlon will agree to do so
12 with the understanding that it's attorneys'
13 eyes only subject to further litigation with
14 the court.
15      MR. HANLON:  Yeah.  I think that Boucher
16 Brothers can agree that this will be at this
17 point subject to the confidentiality order,
18 also pending whatever the information actually
19 is and future challenges as provided in the
20 order.
21      But we have no problem -- I have no
22 problem with agreeing that --
23      MS. FEHRETDINOV:  Okay.
24      MR. HANLON:  I'll be signing the
25 confidentiality order, and this information

```
 1        will be pursuant to that order as designated by
 2        counsel.
 3               MS. FEHRETDINOV:  As designated
 4        attorneys' eyes only.
 5               In which case, we're going to take a
 6        break.  So I understand that this is disruptive
 7        and causing a lot of problems.
 8               For whatever reason, Mr. Hanlon didn't
 9        appear in person, which is also, you know, very
10        difficult for us because I'm not able to hand
11        him the hard copy of the confidentiality order
12        that I have in order for him to review and sign
13        it.
14               And the witness is going to,
15        unfortunately, have to be inconvenienced and
16        have to now go into a separate room.
17               Mr. Hanlon, we're going to pause the
18        deposition for you to provide us with a copy of
19        the confidentiality order.  We will be
20        modifying it to reflect that it's in the
21        basis -- that it's being provided to you as
22        counsel, and not information that can be
23        provided to your clients.
24               So let's take a break in order for us to
25        do that.
```

Page 30

```
 1              THE VIDEOGRAPHER:  The time is 10:39 a.m.
 2       We're going off the record.
 3              (Recess in the proceedings took place.)
 4              THE VIDEOGRAPHER:  The time is 11:11 a.m.
 5       We're back on the record.
 6              MS. FLANIGAN:  Okay.
 7              MS. FEHRETDINOV:  Before we -- Sorry.
 8       And just before we get started on the
 9       questions --
10              MS. FLANIGAN:  Okay.  Yeah.  I was --
11              MS. FEHRETDINOV:  -- we had to take a
12       break and pause the deposition, which, like I
13       mentioned before, is an inconvenience for
14       Ms. George, who is here and needs to be working
15       at her business, as a result of nonparty
16       Boucher Brothers' insistence on appearing here,
17       and over plaintiff's objections.  They have
18       agreed to treat this -- the remainder of the
19       deposition as attorneys' eyes only because of
20       the proffer that City's counsel has stated,
21       that they will be getting into the specifics of
22       the business plans, marketing and other issues
23       that have been proprietary and confidential to
24       Nikki Beach in preparation of its bid and for
25       future bidding.
```

```
 1              We also wanted to note that the notice of
 2         the deposition and Zoom link was not provided
 3         by the plaintiffs.
 4              So how was Mr. Hanlon provided with this
 5         Zoom link?
 6              MS. FLANIGAN:  I do not have that
 7         personal knowledge, actually.
 8              MS. FEHRETDINOV:  Okay.
 9              Daniel?
10              MR. HANLON:  First of all, I don't think
11         any of this is proper.
12              MS. FLANIGAN:  Agree.
13              MS. FEHRETDINOV:  Well --
14              MR. HANLON:  I don't think that's
15         relevant.
16              Second, the only thing I wanted to
17         confirm, I provided you with the signed Form A.
18         I just want to confirm, before we went off the
19         record, you mentioned you were going to make
20         some edits and changes to the existing
21         confidentiality order at Docket 1-10.
22              From the one you sent me, I don't believe
23         you made any changes, but I just -- For the
24         record, I just wanted to confirm there was no
25         changes, because the one that I signed that I
```

Page 32

1      reviewed at that Docket entry 1-10 -- So as
2      long as there were no changes made, I'm fine.
3      You now have our executed form.
4           And then the only other thing I wanted to
5      confirm, I wasn't clear as to what specific
6      information you were designating as
7      confidential.  I'm not sure that there was a
8      question on the table.  So I just wanted to,
9      just for the record, just clarify exactly what
10     information is being marked confidential
11     pursuant to the order.
12          MS. FEHRETDINOV:  Yes.  So I didn't need
13     to change the order, because you were able to
14     input the information about the party and all
15     that.  There were form areas that needed to be
16     filled out.  So I was going to fill them out,
17     but you were able to fill them out.
18          MR. HANLON:  Got it.
19          MS. FEHRETDINOV:  What we said -- the
20     question that was pending was regarding the
21     future changes that needed to be made to Nikki
22     Beach's business and its business plans, its
23     business strategies and proprietary efforts in
24     order to make accommodations as a result of the
25     RFP and ongoing efforts.  Counsel for the City

Page 33

```
 1    indicated that she was going to be getting into
 2    details on those subjects.
 3            So prior to doing that, we designated --
 4    we decided to, rather than interrupt this
 5    deposition on a question-by-question basis,
 6    which would be very difficult, because then
 7    we're going to have to exclude you from the
 8    room each time every time a question may come
 9    up with some confidential information, we're
10    going to have to listen to her answer, and then
11    come back.  I'm sure everybody can agree that's
12    going to be very time consuming, as we just had
13    do now with a 20-minute break that we had to
14    take.  We decided to do an attorneys' eyes only
15    designation for the deposition from here going
16    forward.  And then we'll take the time to
17    review the transcript and un-designate, so to
18    speak, whatever we need to if it turns out that
19    that information doesn't need to be designated
20    as a confidential attorneys' eyes only.
21            Otherwise, we're going to have an
22    extremely disruptive process where we've got to
23    go question by question.  The witness is going
24    to have to proffer to me what the answer is.
25    Once I listen to the answer, then I'm going to
```

Page 34

1  have to come back onto the record and say, yes,
2  she can answer.
3          Do you agree with that protocol,
4  Mr. Hanlon?
5          MR. HANLON:  Yes.  I'm -- That's totally
6  fine.
7          MS. FEHRETDINOV:  So my question to you
8  about the Zoom link was important because I
9  want to know if any information has been going
10 back and forth regarding the deposition,
11 because we hadn't provided nonparty access to
12 this.
13         MS. FLANIGAN:  Maria --
14         MR. HANLON:  So if you were provided
15 information through some other means, we'd like
16 to know, because we do have a confidentiality
17 order in place.  So I just want to make sure
18 that there have been adequate protections in
19 place with respect to information in this case.
20         MS. FLANIGAN:  Maria, stop.
21         MS. FEHRETDINOV:  Yes.
22         MS. FLANIGAN:  Because you've made
23 several comments about how this deposition is
24 being lengthened by --
25         MS. FEHRETDINOV:  It is.

```
 1              MS. FLANIGAN:  -- Boucher's presence.
 2              And, really, what's lengthening right now
 3       is your soliloquy and your discussion of this
 4       on the record.
 5              So if you want to shorten this
 6       deposition, we can have this conversation after
 7       the deposition is concluded.  Because how he
 8       got the Zoom link, what discussions were had
 9       before this is not material to her deposition.
10              And I would like to continue my
11       questioning right now.
12              MS. FEHRETDINOV:  It's a simple question.
13       And it's yes or no.
14              Are counsel willing to indicate how they
15       obtained the Zoom link to the deposition?  Yes
16       or no.
17              MR. HANLON:  No.
18              MS. FEHRETDINOV:  No, they're not willing
19       to reveal.
20              Okay.  On the record, we are requesting
21       that all communications relating to this be
22       forwarded to plaintiff's counsel immediately
23       after this deposition.
24              You may proceed.
25  BY MS. FLANIGAN:
```