UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-23362-LEIBOWITZ/AUGUSTIN-BIRCH

PENROD BROTHERS, INC.,

     Plaintiff,

v.

THE CITY OF MIAMI BEACH, FLORIDA,

     Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL CERTIFICATION OF PRODUCTION AND FOR DISCOVERY EXPENSES AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONTEMPT OR TO COMPEL PRODUCTION OF DOCUMENTS

This matter comes before the Court on Plaintiff Penrod Brothers, Inc.'s Motion to Compel Certification of Production and for Discovery Expenses, which is briefed at docket entries 132, 143-1, and 144. The matter also comes before the Court on Plaintiff's Motion for Contempt or to Compel Production of Documents, which is briefed at docket entries 138, 142, and 146. The Court held a hearing on the two Motions on April 25, 2025.

The Court has carefully considered the parties' briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion to Compel Certification of Production and for Discovery Expenses [DE 132] is **DENIED**, and Plaintiff's Motion for Contempt or to Compel Production of Documents [DE 138] is **GRANTED IN PART AND DENIED IN PART**.

## I.    Motion to Compel Certification of Production and for Discovery Expenses

This Motion is the result of errors that Defendant City of Miami Beach's electronically stored information ("ESI") vendor made. As one error, Plaintiff explains that Defendant produced around 57,000 documents in March 2024 in response to discovery requests. Upon reviewing the production,

Plaintiff discovered that the ESI vendor had failed to include documents from certain custodians, although Defendant had agreed to produce those custodians' documents. As a second error, Plaintiff explains that Defendant produced around 1.6 million documents in October 2024 in response to discovery requests. Upon reviewing the production, Plaintiff discovered that most of the documents were not responsive to any discovery requests and that Defendant's ESI vendor had failed to apply agreed-upon search terms. Defendant acknowledges that its ESI vendor made these errors.

As a result of these errors and more minor errors, Plaintiff moves for three forms of relief. As the first form of relief, Plaintiff asks that Defendant be ordered to provide "intake documentation of its forensic document collection, namely, the acquisition logs (which detail the keywords, databases searched, forensic tool used, SHA256 hash, etc.), to demonstrate and verify the processes used by the vendor to collect the documents in the first place." DE 132 at 4 (quotation marks omitted). During the hearing, Plaintiff acknowledged that Defendant provided the acquisition logs Plaintiff seeks after it filed the Motion. Plaintiff's first request for relief is **DENIED AS MOOT**.

As the second form of relief, Plaintiff asks that Defendant be ordered to provide "output data showing the hit count from the collection and identifying the Bates number and production volume for each hit document, which would show that every document with a search term was actually produced." *Id.* (quotation marks omitted). During the hearing, the Court learned that the data Plaintiff seeks would be in the form of a spreadsheet that would list around 66,000 documents. The parties disagree about how onerous and time consuming it might be to produce this spreadsheet. But in any event, the Court declines to order Defendant to produce the spreadsheet. Defendant acknowledged the errors that its ESI vendor made, terminated the employment of its initial project manager, and hired a new project manager who has made or is in the process of making Defendant's productions complete. Defendant has an obligation to serve a notice of completion of production when a production is complete. *See* Southern District of Florida Local Rule 26.1(e)(7). Defendant also has an obligation to supplement or correct its productions if it learns they are incomplete or incorrect.

*See* Fed. R. Civ. P. 26(e)(1).  Based on the representations that Defendant's counsel made in the briefing and during the hearing, the Court is assured that the ESI vendor's errors will be corrected. Plaintiff's second request for relief is **DENIED**.

As the third form of relief, Plaintiff asks that Defendant be ordered to compensate Plaintiff for the time and resources it expended on productions that were incomplete or non-responsive due to the ESI vendor's errors.  Plaintiff relies on Federal Rule of Civil Procedure 37 as the basis for such an award.  *See* DE 132 at 4; Fed. R. Civ. P. 37(a)(5)(A) (requiring a court to award a movant reasonable expenses when a discovery motion is granted, with three exceptions including that "other circumstances make an award of expenses unjust").  An award of expenses would be unjust in this circumstance.  Plaintiff provides no evidence that the ESI vendor's errors were intentional.  Based on the information before it, the Court believes the errors to have been mistakes—mistakes that Defendant is working to correct.  Plaintiff's third request for relief is **DENIED**.  The Motion to Compel Certification of Production and for Discovery Expenses [DE 132] is **DENIED**.

## II.     Motion for Contempt or to Compel Production of Documents

In this Motion, Plaintiff asks that Defendant be held in contempt for violating the Court's Omnibus Order on Plaintiff's Three Motions to Compel, specifically the portion of the Omnibus Order addressing Plaintiff's Motion to Compel Production of Documents.  *See* DE 107 at 11–14. Plaintiff contends that this portion of the Omnibus Order overruled Defendant's only objection (an objection under the apex doctrine) to producing responsive material from certain former and current employees' personal devices and platforms.  Plaintiff further contends that, because the Court overruled Defendant's only objection to that production, and because Defendant has not yet produced the responsive material, Defendant is contempt.

During the hearing, the Court discussed with the parties the objection at issue that Defendant made to Plaintiff's Requests for Production.  That objection is reproduced in full here:

> In addition, the City objects to the burden that Penrod seeks to impose upon the City Manager and the City's elected officials to collect data directly from them, which is distinct from the information collected from the City itself. While Penrod and the City agree that the law establishes that the apex doctrine applies to depositions, the City contends that the same policy underpinning the apex doctrine should be extended to written discovery requests that impose the same or similar kind of burden sought to be avoided in the deposition context. This is a good faith argument for the extension of the law.
>
> Contrary to Penrod's assertions, the City is not seeking to avoid production of such information; it is producing what it has in its possession. The issue is that the City contends that Penrod should review the discovery it has before seeking to directly burden members of the City's apex leadership with discovery. The case is not at issue, the deadlines have been extended by agreement, and there is adequate time for Penrod to review the discovery and confer with the City on additional discovery needed from the City's apex leadership. In other words, the objection is that the discovery sought is an undue burden based on the same principles that apply to the apex doctrine in the deposition context.

DE 138-2 at 6.

As the Court indicated during the hearing, this objection reasonably may be read two ways. It might solely be an apex-doctrine objection, but it also might be an apex-doctrine objection and a broader burdensomeness objection. Because the objection reasonably may be read as including a broader burdensomeness objection, the Court will not rule that Defendant waived a broader burdensomeness objection. Further, because Defendant's broader burdensomeness objection has not been resolved, Defendant is not in contempt by withholding responsive material based on that objection. Plaintiff's request that Defendant be held in contempt is **DENIED**.

The Court turns to the merits of the burdensomeness objection.  During the hearing, Plaintiff clarified that it seeks responsive material from eight individuals' personal devices and platforms.[1] Four of the individuals are Defendant's former employees: Ricky Arriola, Dan Gelber, Alina Hudak, and David Richardson.  Four of the individuals are Defendant's current employees: Mayor Steven Meiner, Commissioner Laura Dominguez, Commissioner Alex Fernandez, and Commissioner Kristen Rosen Gonzalez.

Addressing first the four former employees, Defendant maintains that it already has produced any responsive material from Mr. Gelber, Ms. Hudak, and Mr. Richardson.  Plaintiff questions whether those productions were complete.  The Court reminds the parties again of the obligation to serve a notice of completion of production when a production is complete and the obligation to supplement or correct incomplete or incorrect productions.  *See* Fed. R. Civ. P. 26(e)(1); Southern District of Florida Local Rule 26.1(e)(7).  At this juncture, the Court will not order additional relief with respect to Mr. Gelber, Ms. Hudak, or Mr. Richardson.

In the briefing, Defendant outlines difficulties that its ESI vendor has experienced with remotely accessing Mr. Arriola's personal devices and states that the only remaining option is for someone to physically go to where Mr. Arriola's devices are located to collect responsive material. *See* DE 142 at 3–4.  With respect to Mr. Arriola, Defendant's burdensomeness objection is **OVERRULED**.  The Court **ORDERS** Defendant to produce any responsive material that is not subject to a privilege or protection from Mr. Arriola's personal devices and platforms, even if production will require travel.  Defendant's request that the Court order Plaintiff to pay the travel expenses, *see id.* at 4 n.6, is **DENIED**.

Turning to the four current employees, the Court understands Defendant's burdensomeness objection to be that, for some undefined period of time but possibly for several hours, the employees

---

[1] The parties have agreed upon the search terms that would be used to search the individuals' personal devices and platforms and thus agree about what material would be considered responsive.

will be unable to use their personal devices while any responsive material is collected from the devices.  The Court has no greater detail about the burden of collection from any of the four current employees.  The Local Rules and the Court's Order Setting Discovery Procedures require greater specificity than a general assertion that collection may be inconvenient and time consuming.  *See* Southern District of Florida Local Rule 26.1(e)(2) ("Where an objection is made . . . to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."); DE 41 at 4 (requiring a party objecting on the ground of undue burden to "specifically explain the particular way in which the request is . . . unduly burdensome" and requiring "claims of undue burden [to] be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome").

With respect to Mayor Meiner and Commissioners Dominguez, Fernandez, and Rosen Gonzalez, Defendant's burdensomeness objection is **OVERRULED**.  The Court **ORDERS** Defendant to produce any responsive material that is not subject to a privilege or protection from Mayor Meiner and Commissioners Dominguez, Fernandez, and Rosen Gonzalez's personal devices and platforms.  The Motion for Contempt or to Compel Production of Documents [DE 138] is **GRANTED IN PART AND DENIED IN PART**.

### III.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Certification of Production and for Discovery Expenses [DE 132] is **DENIED**, and Plaintiff's Motion for Contempt or to Compel Production of Documents [DE 138] is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 1st day of May, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE