IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:23-cv-23362-LEIBOWITZ/AUGUSTIN-BIRCH

PENROD BROTHERS INC.,

    *Plaintiff*,

v.

CITY OF MIAMI BEACH,

    *Defendant*.

_____/

**PLAINTIFF'S MOTION**
**TO OVERRULE IMPROPER DEPOSITION INSTRUCTIONS**

Plaintiff Penrod Brothers, Inc. ("Plaintiff") requests that the Court determine waiver of Defendant City of Miami Beach's ("City") improper instruction of deponents not to answer questions:

*__Introduction.__* The law in this District (and everywhere else) is crushingly uniform: Parties *may not instruct witnesses not to answer* deposition questions (nor may witnesses refuse to answer) where not necessary to preserve a privilege or enforce a court order—*unless* the party *immediately* terminates the deposition *and moves* for a court order finding bad faith or oppressive deposition misconduct. That depositions continue despite and subject to objections is explicit in Rule 30 and consistently enforced by our courts with sanctions on counsel and compelled re-deposition.

Here, the City has repeatedly instructed and stopped its witnesses from answering questions on various (poorly-taken) objections, such as "asked and answered," "scope," "relevance," and the like; those witnesses, thus coached, themselves also refused to answer questions. The City's deposition misconduct is decidedly improper. The Court should deem the questions answered adversely to the City, or re-open the depositions and sanction the City for all relevant deposition costs.

*__Background.__* The case centers on the City's conduct in soliciting an operator for its One Ocean Drive property ("Property"). The City no-bid the Property to an insider (Boucher); backtracked to issue a request for proposals to operate the Property; implemented procurement terms contrary to law and designed to advantage Boucher; rejected Plaintiff's timely bid; and awarded the Property to Boucher.

Accordingly, Plaintiff has deposed Osvaldo Dominguez, the City's Director of Asset Management (March 27, 2025); Alex Denis, the City's former Director of Procurement (April 28, 2025); and Rafael Paz, the former City Attorney (May 5, 2025); will soon be deposing Mark Taxis, Assistant City Manager (May 12, 2025); and Kristy Bada, the City's current Director of Procurement (May 22, 2025); and plans to depose additional fact witnesses of the City's violations of public procurement law as well as the City's disclosed experts.

The City has repeatedly instructed witnesses not to answer questions—not to protect a privilege or to enforce a court order (there are no relevant court orders), but instead, on the basis of objections that the questions had been "asked and answered," called for testimony "beyond the scope" of the deposition, called for "speculation," did not elicit the "best evidence," were "not relevant," were "improper hypotheticals," etc. The witnesses adhered to the instructions and did not answer; and further, now coached by counsel, themselves independently refused to answer questions.

The City's improper deposition instructions were most egregious at the Dominguez and Denis depositions. *See* Ex. A (Dominguez Dep. Tr.) at 168:1-180:20; Ex. B (Denis Dep. Tr.) at

1

128:11-135:23, 143:11-173:15, 204:2-214:12.

*Argument.* The City violated federal rules for deposition conduct when it instructed witnesses not to answer questions. The Court should deem the questions as if answered adverse to the City, or re-open those depositions and sanction the City all related costs.

Rule 30, governing depositions in civil matters, explicitly directs that "examination still proceeds" despite stated objections—"the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Parties are prohibited from instructing a deponent not to answer question *unless* "necessary [i] to preserve a privilege, [ii] to enforce a limitation ordered by the court, or [iii] to present a motion under Rule 30(d)(3)." *Id.* The latter allows a party to seek relief from the court to "terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3).

Therefore, "[i]t is improper to instruct a witness not to answer based on relevance, that the question has been asked and answered, or because the question is outside the scope of inquiry[.]" *Provide Com., Inc. v. Preferred Com., Inc.*, 2008 WL 360591, at *1 (S.D. Fla. Feb. 8, 2008); *see Christie v. Royal Caribbean Cruises, Ltd.*, 2021 WL 2940251, at *5 (S.D. Fla. Jul. 13, 2021) (same as to objections that questions asked were "repetitive" or "badgering"); *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) (same as to form and relevancy objections). Equally, a witness may not herself refuse to answer a deposition question solely on the basis of objections as to form, relevancy, repetition, scope, etc. *See Charlemagne v. Alibayof*, 2021 WL 8534230, at *1 (S.D. Fla. Nov. 16, 2021).

Even more important, "[a]n attorney who instructs a witness not to answer a deposition question, **_waives_** any objection to those questions if counsel does not **_immediately_** file a motion for a protective order over the objected to information." *Adar v. Sch. Bd. Broward Cnty.*, 2021 WL 5121973, at *2 (S.D. Fla. Oct. 8, 2021 (emphasis added); *see Onemata Corp. v. Rahman*, 2021 WL 5175657, at *2 (S.D. Fla. Oct. 26, 2021) ("party refusing to answer deposition question" based on "relevance" or "abuse" is "required to immediately move for a protective order"); *Romero v. Florida Light and Power Co.*, 2010 WL 11507529, at * (M.D. Fla. Jun. 8, 2010) (instruction to not answer question "posed in bad faith" was improper because counsel "failed to promptly seek a protective order"). "[I]t is the duty of the attorney instructing the witness not to answer to *immediately* move for a protective order to invoke the Rule [30] protections." *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2008 WL 2645680, at *9 (S.D. Fla. Jun. 26, 2008); *see Garayoa v. Miami-Dade Cnty.*,

("defendant's conduct" of "unilaterally directing [witness] not to answer" but "failing to file a protective order" and "le[aving] it to plaintiff to bring the matter before the court" was "improper and in violation of the Federal Rules").

What the City did here is exactly what the Federal Rules and all precedent prohibit: First, it instructed witnesses not to answer deposition questions, and further caused witnesses to not answer on their own, on the basis of rote objections including "asked and answered," "repetitive," "foundation," "outside the scope" of lay testimony, "incomplete hypothetical," "relevance," etc. Then, the City failed to seek a protective order inasmuch as it could have construed its improper instructions as attempting to prevent "bad faith" or "oppressive" deposition questions. Accordingly, the City "violated Rule 30 by not immediately filing a motion for protection following the deposition. ***On this basis alone, any otherwise meritorious arguments to the questions posed during the deposition were thus waived***." *Buckley*, 2008 WL 2645680, at *10 (emphasis added).

Testimony from City employees is crucial to eliminating factual disputes surrounding what the City did, and why, when it gave the Property to Boucher. Neither the City nor its witnesses are permitted to block Plaintiff from obtaining complete and detailed testimony.

Deposition misconduct of instructing witnesses not to answer not only blocks legitimate truth-finding, it also coaches witnesses to feign ignorance or invoke selective amnesia now that they know the line of inquiry is important and bad for their side. The fairest sanction for the City's misconduct is to deem the questions answered adversely to the City. At the very least, the Court must re-open the depositions and sanction the City for any attendant costs.

**Sanctions**. "[T]he imposition of sanctions under Rule 30(d)(2) *does not require a finding of bad faith*." *Exist, Inc. v. Starr Indem. & Liab. Co.*, 2024 WL 4695888, at *2 (S.D. Fla. Aug. 16, 2024 (Augustin-Birch, M.J.) (emphasis added). The Court should sanction the City "reasonable expenses and attorney's fees incurred" by Plaintiff because of the City's improper instructions and to re-depose the witnesses. Fed. R. Civ. P. 30(d)(2). Plaintiff seeks leave to first confer with the City to set that amount and, absent agreement, file appropriate explanation and supporting records with the Court for its determination. *See Exist*, 2024 WL 4695888, at *2.

**Conclusion**. Plaintiff respectfully requests that the Court grant this Motion; overrule the City's improper instructions and determine waiver of related objections; deem questions asked as if answered adverse to the City; compel additional depositions; and grant Plaintiff all other proper relief.

| | |
|---|---|
| Dated: May 8, 2025 | Respectfully submitted,<br><br>**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, Florida 33130<br>Telephone: 305-789-3200<br>Facsimile: 305-789-3395<br>By: */s/ Jason S. Koslowe*<br>    MARIA A. FEHRETDINOV<br>    Florida Bar No. 52084<br>    mfehretdinov@stearnsweaver.com<br>    JASON S. KOSLOWE<br>    Florida Bar No. 122758<br>    jkoslowe@stearnsweaver.com<br>    RYAN T. THORNTON<br>    Florida Bar No. 99195<br>    rthornton@stearnsweaver.com<br><br>*Attorneys for Plaintiff* |

## CERTIFICATE OF COMPLIANCE/CONFERRAL

I HEREBY CERTIFY that the parties have complied with the pre-hearing conferral requirements set forth in the Court's. Order Setting Discovery Procedures, ECF No. [41].

  */s/ Jason S. Koslowe*
  JASON S. KOSLOWE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2025, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| ROBERT F. ROSENWALD, JR., Chief Deputy City Attorney<br>HENRY J. HUNNEFELD, First Assistant City Attorney<br>FREDDI MACK, Senior Assistant City Attorney<br>henryhunnefeld@miamibeachfl.gov<br>robertrosenwald@miamibeachfl.gov<br>freddimack@miamibeachfl.gov<br>700 Convention Center Drive<br>4th Floor – Legal Department<br>Miami Beach, FL 33139<br><br>*Attorney for Defendant* | Eric P. Hockman, Esq.<br>Edward G. Guedes, Esq.<br>Anne R. Flanigan, Esq.<br>WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.<br>2800 Ponce De Leon Blvd., Suite 1200<br>Coral Gables, FL 33134<br>ehockman@wsh-law.com<br>eguedes@wsh-law.com<br>aflanigan@wsh-law.com<br><br>*Attorneys for Defendant* |

                                                     */s/ Jason S. Koslowe*
                                                   JASON S. KOSLOWE