**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-CV-23362-LEIBOWITZ/AUGUSTIN-BIRCH**


**PENROD BROTHERS, INC.,**

    **Plaintiff,**

**v.**

**THE CITY OF MIAMI BEACH, FLORIDA,**

    **Defendant.**

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO OVERRULE**
**IMPROPER DEPOSITION INSTRUCTIONS AND GRANTING**
**PLAINTIFF'S MOTION TO DETERMINE WAIVER OF PRIVILEGE**

This matter comes before the Court on Plaintiff Penrod Brothers, Inc.'s Motion to Overrule

Improper Deposition Instructions briefed at docket entries 157, 162, and 167.  The matter also

comes before the Court on Plaintiff's Motion to Determine Waiver of Privilege briefed at docket

entries 161, 166, and 168.  The Court held a hearing on the two Motions on May 28, 2025.  The

Court has carefully considered the parties' briefing, the arguments that counsel made during the

hearing, and the record and is otherwise fully advised in the premises.  For the reasons set forth

below, Plaintiff's Motion to Overrule Improper Deposition Instructions [DE 157] is **DENIED**, and

Plaintiff's Motion to Determine Waiver of Privilege [DE 161] is **GRANTED**.

**I.      Motion to Overrule Improper Deposition Instructions**

An objection during a deposition "must be noted on the record, but the [deposition] still

proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2).  "An objection

must be stated concisely in a nonargumentative and nonsuggestive manner." *Id.*  "A person may

instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a

limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.*; *see* Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."). "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Plaintiff contends that, during various depositions, Defendant City of Miami Beach's counsel violated Rule 30(c)(2) by instructing or coaching deponents not to answer after making non-privilege objections. Plaintiff cites to specific pages of the transcripts of two depositions, asserting that these pages contain the "most egregious" examples of violations of Rule 30(c)(2). DE 157 at 2–3. Plaintiff asks the Court to overrule Defendant's "improper instructions and determine waiver of related objections," "deem questions asked as if answered adverse to" Defendant, "compel additional depositions," and impose monetary sanctions. *Id.* at 4.

The Court has thoroughly reviewed the transcript pages Plaintiff cites. The Court has also thoroughly reviewed the caselaw Plaintiff cites in support of the Motion. Under the circumstances of this case, no sanctions are warranted. The Court understands that, at times, the depositions became heated. On a few occasions, defense counsel made objections that were not concise or told a deponent not to answer a question. But this occurred after Plaintiff asked a deponent the same question repeatedly and after the deponent answered the question. Plaintiff received answers to its questions, and fair examination of the deponents was not impeded, delayed, or frustrated. *See* Fed. R. Civ. P. 30(d)(2) (providing situations in which a court may impose a sanction for conduct during a deposition). Holding additional depositions to allow Plaintiff to ask different

iterations of the same questions would not be proportional to the needs of this case. *See* Fed. R.

Civ. P. 26(b)(1) (providing the scope of discovery). Plaintiff's Motion to Overrule Improper

Deposition Instructions [DE 157] is **DENIED**.

## II. Motion to Determine Waiver of Privilege

A disclosure of material covered by the attorney-client privilege or work-product

protection does not operate as a waiver of the privilege or protection if: "(1) the disclosure is

inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent

disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if

applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b); *see* Fed.

R. Civ. P. 26(b)(5)(B) (requiring a party who produces material subject to a claim of privilege or

protection to notify the opposing party and requiring the opposing party to refrain from using and

disclosing the material and to promptly return, sequester, or destroy it). "The disclosing party

bears the burden of proving that the elements of Rule 502(b) have been met." *Thermoset Corp. v.*

*Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2015 WL 1565310, at \*7 (S.D. Fla. Apr. 8,

2015).

This Motion concerns 184 documents that Defendant produced to Plaintiff as part of

discovery and that Defendant contends are privileged and/or protected and has attempted to claw

back.[1] Those documents are 182 documents listed in the exhibit at docket entry 161-1 and

2 additional documents over which Defendant claimed privilege or protection during the May 5,

2025 deposition of Defendant's former City Attorney Rafael Paz. Defendant produced the

---

[1] During the May 28 hearing, Defendant indicated that it either has withdrawn or may withdraw its privilege objections to some of these documents, but Defendant did not identify which documents. Lacking information that any particular document is no longer at issue, the ruling in this Order applies to all 184 documents.

184 documents to Plaintiff in March 2024 as part of Defendant's first volume of production (a volume that the parties refer to as "MB001").

Plaintiff maintains that Defendant waived any privilege or protection over the documents by failing to comply with Rule 502(b).  Plaintiff does not dispute that Defendant's disclosure of the documents was inadvertent.  But Plaintiff asserts that Defendant did not take reasonable steps to prevent the disclosure and did not promptly take reasonable steps to rectify the error.  The Court need not address whether Defendant took reasonable steps to prevent the disclosure because, even if Defendant took such steps, Defendant has not demonstrated that it promptly took reasonable steps to rectify the error.

The disclosure of the 184 documents implicates errors that Defendant's electronically stored information ("ESI") vendor made.  The Court is well-aware of the errors, as they have been the subject of motion briefing and of discussions during two court hearings.  The errors include running searches for responsive documents while failing to apply the appropriate search terms and failing to search certain custodians' records.  It is undisputed that, in an email sent on March 12, 2025, Defendant acknowledged to Plaintiff that the ESI vendor had made errors and that Defendant likely had produced privileged documents to Plaintiff that would need to be clawed back.

The parties disagree about what language in the March 12 email meant.  Defendant contends that it only acknowledged in the email that it likely had produced privileged documents as part of its second volume of production (a volume that the parties refer to as "MB002").  Plaintiff contends that Defendant acknowledged in the email that it likely had produced privileged documents as part of both MB001 and MB002.  The Court cannot read for itself the March 12 email, as the email is not in the court record.  The parties agreed not to file the March 12 email in the court record, given that it was a part of their meet-and-confer process.  But even though the

4

Court does not know precisely what the email said, it is sufficient to know that, by at least March 12, 2025, Defendant was aware that its ESI vendor had made massive errors in discovery productions for this case and that privileged documents likely had been produced to Plaintiff as part of the discovery and would need to be clawed back.  Defendant was on notice of possible inadvertent disclosure.

At that point, it was incumbent upon Defendant to promptly take reasonable steps to identify any purportedly privileged or protected documents that had been produced and to claw them back.  The Court does not believe that Defendant did so.  In briefing in April 2025, Defendant represented to the Court that it may have inadvertently produced privileged documents.  DE 140 at 4; DE 140-6 at 1–2.  Defendant made the same representation during an April 25, 2025 discovery hearing.  Defendant still had not clawed any documents back.

Defendant did not send Plaintiff a claw back letter until May 1, 2025—seven weeks after Defendant had acknowledge that it likely produced privileged documents.  DE 161-1.  Courts have found waiver of privilege after similar lags of time.  *E.g., Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2014 WL 4449451, at *6 (S.D. Fla. Sept. 10, 2014) ("Latele was first put on notice that the disclosure to Somos occurred on January 17, 2014, contemporaneously with the email communications at issue . . . .  But Latele made no effort to cure the disclosure at that time, such as via a request that the communications be immediately destroyed, or at any time until March 6, 2014, when it first raised its inadvertent disclosure argument by letter to Telemundo."); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 700 (S.D. Fla. 2009) ("The fact Humana took no action for almost two months after disclosing the Valuation Email to PCP, including a three-week lag after PCP used the document in support of its motion for sanctions, is inconsistent with Humana's claim that this is a

protected, confidential communication."). Consistent with these cases, the Court concludes that Defendant did not act reasonably promptly to claw back the 184 documents. Defendant waived attorney-client privilege and work-product protection over the 184 documents. Plaintiff's Motion to Determine Waiver of Privilege [DE 161] is **GRANTED**.

### III.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Overrule Improper Deposition Instructions [DE 157] is **DENIED**. Plaintiff's Motion to Determine Waiver of Privilege [DE 161] is **GRANTED**.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 2nd day of June, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE