# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-23362-CIV-LEIBOWITZ/AUGUSTIN-BIRCH

PENROD BROTHERS, INC,

    Plaintiff,

vs.

CITY OF MIAMI BEACH, FLORIDA,

    Defendant.
_____/

**DEFENDANT'S REVISED ANSWERS
TO PLAINTIFF'S INTERROGATORIES 1 – 4**

Defendant, City of Miami Beach, Florida ("City") answers Plaintiff, Penrod Brothers, Inc's. ("Penrod"), Interrogatories 1 – 4 from the First Set of Interrogatories as follows:

**ANSWERS**

**(1) Identify every instance where the City has accepted any part of a request/invitation for a bid, quotation, qualification, letter of interest, or proposal or any other procurement vehicle used by the City, after the published deadline for submissions, including but not limited to ITB 2022-667-DF and ITB 2023-350-LB. For every instance identify the: (1) bid/quotation/proposal identification number; (2) the amount of time between the submission deadline and the party's submission; (3) any and all individuals at the City involved in the decision; and (4) the reason(s) provided for the submission after the deadline.**

Pursuant to the Court's Order entered on January 16, 2025, [ECF Nos. 107, 111], the City has reviewed all prior submissions within the ten-year time limit. This included a physical review of 793 files of solicitations. Prior to 2020, the City did not use electronic submission software like Periscope/BidSync. During that pre-2020 time period, hard-copy responses to the City's procurement solicitations were submitted in person to the City and manually timestamped upon receipt by the City of the submission. The City has only accepted bids after the submission deadline

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

where necessary to cure a hinderance to timely delivery created by the City and which has only occurred in two instances.

Specifically, on one occasion in 2015 (solicitation number 2015-107-JR), the bid opening date was delayed by one day compared to the published deadline for submissions; on that occasion, the City accepted a bid via FedEx that the bidder was able to prove had been relinquished to FedEx the day before the bid due date and transmitted with an overnight delivery service schedule that should have gotten the bid in on time under the published deadline for submissions, but the delivery of which was delayed by FedEx due the City's typographical error in the zip code listed in the City's Invitation to Bid Summary page. The City published a delay notice to communicate the delay of the bid opening date.

On another occasion in 2019 (solicitation number 2019-246-DF), a prequalification application (which is simply an application for pre-approval for a future, yet-to-be-determined solicitation) was accepted after the published deadline because the applicant was able to prove that it had relinquished the submission to FedEx the day before the due date, and FedEx attempted timely delivery on the due date at 7:13 a.m. when the City offices were not yet open, so no one from the City was available to accept the delivery. The City accepted the re-delivery minutes after the published deadline because it was the City's own unavailability that prevented timely delivery.

Otherwise, the City has not identified any instance where the City has accepted any part of a request/invitation for a bid, quotation, qualification, or proposal or any other procurement vehicle used by the City, after the published deadline for submissions.

For example, on June 5, 2020, two (2) prospective bidders emailed a response to RFQ 2020-096-KB (Architectural and Engineering Consulting Services) via email. The prospective

bidders were notified on June 11, 2020, that they had failed to submit the proposal through BidSync (now Periscope), and therefore, the proposal response could not be considered.

In response to RFLI 2021-029-KB (Class "A" Office Developments), two (2) letters of interest were received via e-mail (which was the submittal mechanism required by the terms of the RFLI) after the deadline. However, this request for letters of interest and request for information was an informal process that was informational only, and the City was under no obligation to act upon any information obtained pursuant to the RFLI/RFI. Through this RFLI/RFI, the City did not seek, and did not consider, specific proposals. As to RFLIs/RFIs generally, if there is market interest for a project through the receipt of expressions of interest, the City will issue a future solicitation seeking formal detailed proposals from interested parties. *See, e.g.*, Letter to Commission # LTC 063-2021, produced contemporaneously herewith.

With respect to the two procurements specifically identified by Plaintiff in this first interrogatory, the City responds as follows:

    A. ITB 2022-667-DF

        i. Plaintiff appears to be confusing post-deadline clarifications with post-deadline bid acceptances. On October 20, 2022, the City sought clarifications from four (4) bidders (LGI Construction, Cosugas, MTD Painting, and Azulejo) on their responses to the Bid Submittal Questionnaire. The proposal responses prompting the City's requests for clarifications were submitted timely and in accordance with the terms of the procurement.

    B. ITB 2023-350-LB

i. in this procurement, the lowest bidder (Amici) failed to submit the original bid bond and was therefore deemed non-responsive. The remainder of the bidders were over budget. Accordingly, the City rejected all bids. There was no post-deadline submission of information accepted by the City.

**(2) Identify every instance where the City has extended any deadline for a request/invitation for a bid, quotation, qualification, letter of interest, or proposal or any other procurement vehicle, on account of or relating to a natural disaster, including but not limited to a storm, hurricane, flooding, act of God.**

Pursuant to the Court's Order, [ECF Nos. 107, 111], the City has not identified any instances where the City extended any solicitation deadline relating to or on account of a natural disaster, including but not limited to a storm, hurricane, flooding, act of God, or pandemic within the ten-year time limit. In fact, in another (unrelated) procurement during the same time period as the procurement that is the subject of this lawsuit, RFQ 2023-535-DF, the bid opening was held on August 30, 2023, the day that Hurricane Idalia made landfall in northern Florida. That bid opening was held and not extended due to Hurricane Idalia.

**(3) Identify every instance where the City has learned of, or anyone informed it of, any technical or software-related issues or problems relating to a Periscope platform or any bid/quotation/proposal submission software, including but not limited to RFLI 2021-017- ND.**

Prior to 2020, the City did not use electronic submission software like Periscope/BidSync, During that pre-2020 time period, hard-copy responses to the City's procurement solicitations were submitted in person to the City and manually timestamped upon receipt by the City of the submission.

The City has not identified any additional instances of purported technical or software-related issues or problems, beyond the instances identified in Exhibits A through I, previously provided on September 24, 2024. With respect to Lummus Park RFQ No. 2020-119-ND (Ex. E),

the bidder was deemed unresponsive and its bid was not considered at all. Additionally, with respect to the Architectural and Engineering Services RFQ 2020-096-ND (Ex. G), the bidder was deemed non-responsive and its bid was not considered at all. As to all other exhibits previously provided, the technical or software-related issues or problems complained of were resolved and/or the complainant ultimately did not submit a response to the bid.

With respect to the procurement specifically identified by Plaintiff in this third interrogatory, the City responds as follows:

The City found no reference regarding a technical issue with RFLI 2021-017-ND in the documents reasonably available to it.

**(4) Identify every instance where the City has accepted a request/invitation for a bid, quotation, qualification, letter of interest, or proposal or any other procurement vehicle used by the City—or any inadvertently omitted part or portion thereof—via e-mail or in-person, including but not limited to RFQ 2019-122-WG.**

Prior to the City did not use electronic submission software like Periscope/BidSync, During that pre-2020 time period, hard-copy responses to the City's procurement solicitations were submitted in person to the City and manually timestamped upon receipt by the City of the submission. The City has not identified any instances in which the City has accepted a request/invitation for a bid, quotation, qualification, letter of interest, or proposal or any other procurement vehicle used by the City—or any inadvertently omitted part or portion thereof—via e-mail, either before the implementation of the online bid system or afterwards. In fact, for example, in RFP 2021-173-KB, a prospective bidder notified the City on January 12, 2022, that a portion of the bidder's proposal (specifically, Tab 3 for options 4, 5, 6, and 7) had not been submitted through the e-procurement system and was trying to submit the omitted portions after the bid deadline. The City advised that prospective bidder that the City could not and would not

consider the submission of Tab 3 for options 4, 5, 6, and 7 because it did not comply with the proposal submittal instructions and format. Therefore, the proposal for options 4, 5, 6, and 7 were evaluated without consideration of Tab 3.

With respect to the procurement specifically identified by Plaintiff in this fourth interrogatory, the City responds as follows:

A. RFQ 2019-122-WG

    a. This RFQ is not relevant to this case because its requirements were different from the subject RFP. RFQ 2019-122-WG specifies in Section 0300 that the designated method of submission was sealed, paper copies plus electronic CDs/USB storage devices. By contrast, the designated method of submission in the subject RFP (RFP 2023-479-KB) was through Periscope (formerly BidSync).

    b. On April 25, 2019, the City sought clarifications on responses to Appendix A2—Questionnaire and Requirements Affidavit Form. The form was submitted timely with the bidder's proposal response.

## VERIFICATION

I have read the foregoing Revised Answers to Interrogatories 1-4 and do swear that the answers are true and correct of the best of my knowledge and belief.

By: _____

Its: Kristy Bada
Chief Procurement Officer

STATE OF Florida )
) SS.
COUNTY OF Miami Dade )

The foregoing instrument was sworn to, subscribed, and acknowledged before me this 2ND day of MAY, 2025, by KRISTY BADA, [X] who is personally known to me or [ ] who has produced _____ as identification.

NOTARY PUBLIC:

Signature: Guadalupe C Ramos
Print Name: Gudalupe C Ramos
State of Florida at Large (Seal)

My commission expires: 9·8·28

GUADALUPE C. RAMOS
MY COMMISSION # HH 525322
EXPIRES: September 8, 2028