**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:23-cv-23362-LEIBOWITZ/AUGUSTIN-BIRCH**

PENROD BROTHERS INC.,

     *Plaintiff*,

v.

CITY OF MIAMI BEACH,

     *Defendant*.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF**
**<u>MOTION FOR RECONSIDERATION</u>**

Plaintiff replies to the City's "Response," ECF No. [210] and in support of Plaintiff's Motion for Reconsideration, ECF No. [205] ("Motion"):

Plaintiff filed its Motion very explicitly out of abundance of caution because the City, prone in this case to opportunistic flip-flopping, might argue that the Court's June 13 Order is a final judgment requiring Rule 59(e)/Rule 60(b) reconsideration or an Appellate Rule 4 notice of appeal. *See* Mtn. 1-3. The City in Response concedes that the Order is not a final judgment. So any motion for reconsideration or notice of appeal is, as the City agrees, premature. The rest of the City's Response is just more sound and fury, which we ignore.

    **I.**      **Reconsideration and Appeal are Premature.**

As the City agrees (Resp. 1-3), reconsideration under Rules 59/60 and a notice of appeal under Appellate Rule 4 only follow a final *judgment*, and the Order is <u>not</u> a final *judgment*. Plaintiff filed its Motion out of an abundance of caution and to preserve all available, including appellate, rights. Unless the Court disagrees with both parties and considers its Order a final *judgment*, the Court can deny the Motion <u>as premature</u> and permit Plaintiff to seek reconsideration and/or appeal if later applicable.

    **II.**     **The Order is Not Final, Anyway.**

Of course, the Court's Order dismissing 2 claims and remanding 14 inextricably interrelated claims is not *final*, either. Plaintiff recited the law relevant to that clear principle under, *inter alia*, Rule 54 and related precedent in its opposition (ECF No. [206]) to the City's improvident request that the Court enter final judgment (i.e., despite that the Court lacks jurisdiction, cannot issue a partial judgment

because interrelated claims are pending, and passed jurisdiction over this entire case to the state court).[1] For those reasons, the Court should rule, in denying the City's request for a final judgment, that its Order was not final. Whereupon, Plaintiff will not be occasioned to seek reconsideration from this Court nor appeal the Order to the Eleventh Circuit.

### III.     Plaintiff Properly Sought Leave to Brief Its Memorandum Later.

Plaintiff, for completely proper, efficient and eminently practical purposes, sought leave from the Local Rule requirement to file a memorandum of law with its Motion—asking to brief the issue only if and when reconsideration is required. Mtn. 4. The City asks the Court to punish Plaintiff for this routine request. But the Court has full authority to modify briefing requirements and schedules (something the City took full advantage of in this case). *See generally Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Therefore, in the unlikely event the Court considers its Order a final judgment, it should permit Plaintiff (and the City) to then fully brief reconsideration.

### IV.     The Court Should Not Reach the Merits of Reconsideration Now (But if It Did, Should Revisit its Order).

The City in a footnote suggests the Court should address reconsideration now, absent jurisdiction and without party briefing. Resp. 3 n.3. We don't take that as a serious suggestion.[2] The City cannot identify any benefit to the parties or the Court in undertaking a premature adjudication (there is none).

If the Court does want to preview the issues, we reply briefly and to the only merits issue the City mentions in its Response: that the City sold one bill of sale to the Court on whether its April 2023

---

[1] Notably, the City has now conceded that the 2 dismissed federal claims are completely intertwined with the 14 remanded state court claims—by seeking costs and fees for the entire lawsuit despite having gained dismissal of just 2 claims. *See* ECF Nos. [203], [211]. Those motions are meritless—the City has not prevailed on any merits issue in this case just because 2 of 16 claims were dismissed (indeed, even Plaintiff's 2 mirror-image Florida constitutional claims are continuing). But, as relevant here, the only way the City could claim costs and fees from this entire litigation is if the claims dismissed in the Order are interconnected with the claims remanded. That concession is fatal to the City's (in any event failing) position that the interlocutory dismissal Order was "final."

[2] For example, in the one case the City cites, *Hamilton Group Funding, Inc. v. Basel*, 311 F. Supp. 3d 1307 (S.D. Fla. April 12, 2018), the parties agreed that the order the Court had entered was final (if not a judgment), and the moving party wanted the Court to address the motion on the merits (rather than having filed the motion out of an abundance of caution)—the exact opposite of what exists here.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

Resolution was "legislative," and told the opposite story, on identical facts, to the Magistrate Judge (and now to the state court).

The Court was required to (but did not) credit Plaintiff's factual allegations. *E.g.*, *Arrington v. Burger King Worldwide, Inc.*, 47 F.4th 1247, 1253 (11th Cir. 2022) ("At the motion-to-dismiss stage, we must accept the complaint's allegations as true, construing them in the light most favorable to the plaintiff."); *Novoneuron Inc. v. Addiction Rsch. Inst., Inc.*, 326 F. App'x 505, 509 (11th Cir. 2009) (court must construe writings if open to interpretation in favor of plaintiff's allegations).

While the question of whether a municipal action is "legislative" or "executive" for substantive due process purposes is a legal conclusion—it is a legal conclusion _based on the specific facts_ of the specific municipal action at issue. *See Kentner v. City of Sanibel*, 750 F.3d 1274, 1279-80 (11th Cir. 2014); *McKinney v. Pate*, 20 F.3d 1550, 1557 n.9 (11th Cir. 1994). While there is "no dispositive test" for this fact-intensive inquiry, the specific facts of each case relevant to "sorting out" if the state action at issue is "legislative" include (i) the number of persons subject to the action; (ii) whether the act "involves policy-making" (legislative) or "administrative application of existing policy" (executive); and (iii) whether the decision is "[p]rospective" (legislative) or only about pre-existing conditions (executive). *Ids.*

Here, Plaintiff expressly alleged (and by now has proved in discovery) the following facts: (i) The April 2023 Resolution impacted *every potential operator* interested in managing the One Ocean Drive Property—specifically including Plaintiff, along with everyone else who eventually participated in the RFP—all of whom, because of the Resolution, could not submit proposals or be considered to manage the Property.[3] (ii) The April 2023 Resolution involved brand new policymaking—effectuating a policy decision about how to obtain proposals from the public to operate the Property, and affirmatively to develop that Property as envisioned by the City's political insider Boucher—and was not the application of a City ordinance or zoning code to a set of facts.[4] (iii) The April 2023 Resolution

---

[3] Indeed, in discovery, Plaintiff established that, pursuant to the April 2023 Resolution, the City rebuffed another, totally unrelated, third-party from submitting a proposal to operate the Property. This further confirmed Plaintiff's allegations that the Resolution impacted not only Boucher, but every company interested in operating the Property. That evidence was not available to Plaintiff pre-suit (nor to the Court in issuing its Order). But it exemplifies why courts cannot contradict pleaded allegations and accept a defendant's counter-narrative before allowing the plaintiff to marshal evidence to prove its case—as happened here.

[4] Here, too, Plaintiff confirmed through testimony from all relevant City administrators and staff that

was only prospective—deciding how to operate City property going forward—and had nothing to do with past or pre-existing circumstances.[5] ECF No. [69] ¶¶ 6, 74-78, 82, 229.

The City's motions to dismiss improperly contradicted those allegations, and argued that the April 2023 Resolution was "executive" because it only involved one City property, and only involved one company, Boucher.

The Court only looked at factor (i), and impermissibly adopted the City's facts (against Plaintiff's factual allegations), to conclude that "the April [2023] Resolution (authorizing the City Administration to negotiate a proposed non-binding term sheet with Boucher) only applied to Boucher and involved one site of public property." Order at 15. That was the only fact, and only factor, the Court considered in concluding that the April 2023 Resolution was "executive," and did not address factors (ii) and (iii). This conclusion ignored Plaintiff's allegations that the Resolution impacted not just Boucher, but also Plaintiff, along with everyone else interested in operating the Property.

The Court was not permitted to credit the City's narrative—that its Resolution only impacted Boucher—in contradiction to Plaintiff's clear allegations of fact that the Resolution impacted every potential operator of the Property (nor to ignore Plaintiff's other factual allegations, of policymaking and prospective application). The Court's conclusion in contradiction to Plaintiff's pleaded facts constitutes clear error for Rule 59(e) purposes. *See Arrington*, 47 F.4th at 1253.

Having induced the Court to that error, the City pursued the complete opposite position in discovery. There, before the Magistrate Judge, the City withheld documents and blocked testimony by asserting that the April 2023 Resolution is "legislative."[6] The City, out of this side of its mouth, says that the Resolution was a piece of legislation, and that every communication and every bit of

---

the April 2023 Resolution was a policy directive from the Commission to the Administration about how to obtain proposals for the Property (indeed, it was a policy decision that the City Manager and the Administration had rejected and advised against)—and it was not merely the application of pre-existing ordinances or rules to new circumstances.

[5] Yet again, discovery confirmed that the April 2023 Resolution did not deal with past facts or circumstances (e.g., adjusting or addressing back rent or other conditions under the existing agreements for the Property or other City assets), but instead, provided prospective decision-making only for future operations at the Property.

[6] *E.g.*, ECF No. [113] at 2-3 ("Elected Officials could have firsthand knowledge . . . of the challenged [April] Resolutions and the ultimate award of the concession agreement following the competitive bid, [but] such inquiry is barred by the legislative privilege."); City's Response to Restated and Omnibus Discovery Motion, Case No. 1:23-cv-23362-DSL (Fla. 11th Cir.) (filed June 30, 2025) (same).

information related even tangentially to any Commission resolution is, by definition, legislative and is, therefore, shielded from discovery.[7] Of course, the City's hypocrisy was not available to this Court, which did not preside over discovery. For that reason, this is new information for Rule 59(e) purposes.

The City does not deny its actions but simply argues that it is acceptable to take contradictory positions of fact before the Court, and to say that "hoodwinking" the Court is insulting. They're right about the latter. *E.g.*, *Anderson v. Brown Indus.*, 614 F. App'x 415, 418 (11th Cir. 2015) (intentional assertion of contradictory positions improper).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court, in the first instance, deny the Motion because the Order is not final; or, deny the Motion as premature, recognizing the availability of reconsideration and appeal later, if applicable.  If, however, the Court believes reconsideration is proper now, Plaintiff respectfully requests the Court grant the Motion and revisit dismissal of Plaintiff's 2 federal claims, or in the alternative, grant Plaintiff and the City leave to fully brief these issues.

---

[7] By contrast, throughout this litigation, including in a numerous briefs on the merits and discovery, before and after the Order, Plaintiff took this very straightforward and consistent position: while the April 2023 Resolution was legislative (*i.e.*, creating and effectuating policy decisions), (1) the privilege does not extend to *other* activity and communications outside of such Resolution (*e.g.*, the City Mayor's framing and forming the Boucher no-bid prior to and outside the Resolution; or a City Commissioner's creation of the RFP's terms); and (2) it does not, in any event, shield the discovery requested in this case because Plaintiff has a "compelling need" to understand, *inter alia*, the content and reasons for the City's decision-making.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

Dated: July 25, 2025

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
Facsimile: 305-789-3395
By: */s/ Jason S. Koslowe*
 MARIA A. FEHRETDINOV
 Florida Bar No. 52084
 mfehretdinov@stearnsweaver.com
 JASON S. KOSLOWE
 Florida Bar No. 122758
 jkoslowe@stearnsweaver.com
 RYAN T. THORNTON
 Florida Bar No. 99195
 rthornton@stearnsweaver.com
 CORAL DEL MAR LOPEZ
 Florida Bar No. 1022387
 clopez@stearnsweaver.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2025, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| ROBERT F. ROSENWALD, JR., Chief Deputy City Attorney <br> HENRY J. HUNNEFELD, First Assistant City Attorney <br> FREDDI MACK, Senior Assistant City Attorney <br> henryhunnefeld@miamibeachfl.gov <br> robertrosenwald@miamibeachfl.gov <br> freddimack@miamibeachfl.gov <br> 700 Convention Center Drive <br> 4th Floor – Legal Department <br> Miami Beach, FL 33139 <br><br> *Attorney for Defendant* | Eric P. Hockman, Esq. <br> Edward G. Guedes, Esq. <br> Anne R. Flanigan, Esq. <br> WEISS SEROTA HELFMAN <br> COLE & BIERMAN, P.L. <br> 2800 Ponce De Leon Blvd., Suite 1200 <br> Coral Gables, FL 33134 <br> ehockman@wsh-law.com <br> eguedes@wsh-law.com <br> aflanigan@wsh-law.com <br><br> *Attorneys for Defendant* |

/s/ Jason S. Koslowe
JASON S. KOSLOWE

7