UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23362-CIV-LEIBOWITZ/AUGUSTIN-BIRCH

PENROD BROTHERS INC.,
a Florida Corporation,

       Plaintiff,

vs.

THE CITY OF MIAMI BEACH, FLORIDA,
a Florida municipal corporation,

       Defendant.

_____/



FILED BY_____ D.C.

AUG 2 8 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**DEFENDANT, CITY OF MIAMI BEACH'S
REPLY IN SUPPORT OF ITS MOTION TO DETERMINE
ENTITLEMENT TO ATTORNEYS' FEES, PURSUANT TO 42 U.S.C. § 1988**

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

Defendant, City of Miami Beach ("City"), pursuant to Local Rule 7.1(c), files this Reply in support of its Motion to Determine Entitlement to Attorneys' Fees [ECF No. 211] ("Motion"), unnecessarily incurred by the City in defending the baseless federal claims filed by Penrod Brothers Inc. ("Plaintiff") in this action. In support thereof, the City state as follows:

## ARGUMENT

I.     **AN AWARD OF ATTORNEYS' FEES IS MERITED BECAUSE PLAINTIFFS' FEDERAL CLAIMS WERE WITHOUT FOUNDATION.**

### A.  *The City is the Prevailing Party.*

As grounds for its position that the City is not entitled to an award of fees, Plaintiff first rehashes its argument that this Court's dismissal of Plaintiff's federal claims and remand of remaining state-court claims is not a final appealable order. [ECF No. 218] ("Resp.") at 7–11. As Plaintiff recognizes, this argument is fully briefed by both parties in the City's pending motion for entry of Rule 58 judgment [ECF No. 201], Plaintiff's response thereto [ECF No. 206], and the City's reply [ECF No. 208]. Accordingly, the City will not needlessly reiterate those arguments here. However, it is worth highlighting, in a few instances, how Plaintiff's response to the City's fees motion continues to misunderstand and misstate the law on this issue:

For example, the City has already demonstrated, citing ample authority including *Hill v. Bellsouth*, 364 F.3d 1308 (11th Cir. 2004), and *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351 (11th Cir. 2016), that when a federal district court dismisses claims or parties and remands the remaining claims to state court, the dismissal order is immediately appealable to the federal court of appeals. *See* [ECF No. 208].

Plaintiff persists in its position, however, arguing in the response to the fees motion that *Barnett v. MacArthur*, 715 F. App'x 900 (11th Cir. 2017), stands as contrary authority, and "is highly instructive" even. Resp. at 9. But *Barnett* involved no issue of remand at all. Plaintiff also tries to distinguish *Hill* based on its procedural posture and facts (Resp. at 9–10 n.2) but fails to rebut its doctrinal significance that when a federal district court dismisses claims or parties and remands the remaining claims to state court, the dismissal order is immediately appealable to the federal court of appeals. Plaintiff does not even attempt to deal with *MSP Recovery* (of which Plaintiff is aware, from the Rule-58 briefing), which stands for the same proposition, and makes it even clearer, insofar as *MSP* deals with the question of what happens to remanded state-law claims when dismissed federal claims are reversed on appeal—to the Eleventh Circuit. *MSP Recovery*,

835 F.3d at 1362. Of course, that question only arises, and that entire body of law is only possible, precisely because federal claims that have been conclusively resolved, as in a dismissal with prejudice, are indeed appealable to the federal appellate court, notwithstanding the remand of remaining state-law claims.

Plaintiff proceeds to demonstrate a fundamental misunderstanding of finality and misrepresents the law, continuing to characterize the Court's order dismissing the § 1983 claims as "interlocutory" and asserting that ruling "can be revisited (and disagreed-with) by the state court after remand." Resp. at 11. **To be clear: Plaintiff has not cited a single authority wherein a federal court's dismissal of federal claims with prejudice is reviewable by a state court to which the remaining state-law claims were remanded**. The proposition is preposterous, and *Hill* and *MSP Recovery* and other authorities prove the opposite of Plaintiff's unsupported view.

The authorities Plaintiff cites on (Resp. at 5) are inapposite for various reasons that continue to demonstrate Plaintiff's error. They involve, e.g., remands for *lack* of subject matter jurisdiction,[1] or a question of whether truly interlocutory orders can be revisited after remand, such as "an order permitting the substitution of plaintiffs," *W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co., L.P.*, 566 F.3d 979, 985 (11th Cir. 2009), or an order *denying* a motion to dismiss. *See Cont'l Baking Co. v. Vincent*, 634 So. 2d 242, 244 (Fla. 5th DCA 1994). Plaintiff's reliance on *Lackey v. Stinnie*, 145 S. Ct. 659 (2025), also does not advance the ball for Plaintiff argument against the City's "prevailing party" status. In *Lackey*, the Supreme Court addressed whether *plaintiffs* who obtained a preliminary injunction under 42 U.S.C. § 1983, but whose case became moot before final judgment, could qualify as "prevailing parties" eligible for attorney's fees under § 1988(b), and found they did not. Notably, the standard for prevailing plaintiffs' fees and prevailing defendants' fees are unquestionably different, a conclusion unchanged by *Lackey* and which Plaintiff does not dispute. Ordinarily, a prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978). "[A] more stringent standard applies to prevailing defendants who may be awarded attorney's fees only when a court finds that the plaintiff's claim was 'frivolous, unreasonable, or

---

[1] As opposed to what occurred here, which is a remand due to the Court's discretionary decision not to exercise supplemental jurisdiction after its dismissal with prejudice of federal claims. *See MSP Recovery*, 835 F.3d at 1362 ("[W]hen a district court remands state law claims after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction."). It is remarkable how Plaintiff continues to ignore this distinction, characterizing the Court's decision as "the Court's ruling that Penrod failed to state its § 1983 claims *such that* the Court was divested of federal question subject matter jurisdiction . . . ."). Resp. at 11 (emphasis added).

without foundation, even though not brought in subjective bad faith.'" *Head v. Medford*, 62. F3d 351 (11th Cir. 1995) (quoting *Christiansburg*, 434 U.S. at 421)). Though stringent, the standard is met in this case, as fully explained in the Motion and herein below.

Plaintiff incorrectly claims that the Eleventh Circuit "reversed its 'prevailing party' jurisprudence[,]" claiming that *Head v. Medford*, 62 F3d 351 (11th Cir. 1995), was somehow overruled by *Royal Palm Prop., LLC v. Pink Palm Prop., LLC*, 38 F. 4th 1372 (11th Cir. 2022). Resp. at 7–8. A plain reading of both cases reflects Plaintiff's overreach of *Royal Palm*'s analysis. *See also McDonald v. City of Pompano Beach, Fla.*, No. 20-CV-60297, 2024 WL 5319013, at *5 (S.D. Fla. Nov. 27, 2024), *report and recommendation adopted*, No. 20-CV-60297, 2025 WL 71962 (S.D. Fla. Jan. 10, 2025) ("The idea that *Royal Palm* should be read narrowly, and its invitation to find no prevailing party applied sparingly, is consistent with Rule 54 in addition to the Supreme Court's definition of 'prevailing party.'"). Specifically, *Head* analyzed whether a civil rights plaintiff's claim was frivolous or not, under the *Sullivan* factors and Section 1988. There was no question, contrary to the issues in *Royal Palm*, that the *Head* defendant was the prevailing party. 62 F.3d at 355–56.

The Eleventh Circuit in *Royal Palm* on the other hand, was faced with two parties, a plaintiff and a counter-plaintiff, and both partially prevailed on their claims under the Lanham Act. 38 F. 4th at 1373. Nonetheless, the application of the *Royal Palm* analysis merits the conclusion that the City is the prevailing party. "There are two requirements for a party to reach prevailing party status." *Royal Palm*, 38 F. 4th at 1376. "First, the party must be awarded some relief on the merits of its claim by the court." *Id.* "Second, the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties." *Id.* Plaintiff cannot seriously dispute that both factors have been met here: (1) the City was afforded relief on the merits Plaintiff's Section 1983 claims – dismissal with prejudice based on the absence of an underlying due process right (among other reasons); and (2) the dismissal materially altered the legal relationship between the parties because Plaintiff can no longer claim a violation of its federal civil rights. *See* [ECF No. 197].

The fact remains that the litigation in this Court, over Plaintiff's federal claims, is over. The conclusive end—dismissal with prejudice—of Plaintiff's federal claims indeed makes the City the prevailing party in this Court. As Plaintiff itself reiterates from the Eleventh Circuit case, *Beach Blitz*: "The court reiterated: 'defendants here did obtain a final judgment rejecting each of Beach

Blitz's § 1983 claims[, a]ccordingly *there is no question that [the] claims have been fully adjudicated and rebuffed with judicial imprimatur*.'" Resp. at 12. It is difficult to understand how Plaintiff quotes this language and imagines it is arguing against the City being the prevailing party here, where indeed the Court has dismissed with prejudice all of Plaintiff's § 1983 claims. Under *Beach Blitz* and other governing authorities, the only "invasion of provinces" that would occur is if this Court does as Plaintiff suggests and withhold its own determination of finality due to the remanded state-court claims continuing in state-court, over which this Court has divested itself of jurisdiction.

In all, Plaintiff's arguments must be rejected. The Court's dismissal order is final, and the City is the prevailing party in this case.

### B. The Sullivan Factors Support The City's Entitlement To Attorneys' Fees Under 1988 Because Plaintiff's Claims Lacked Legal Foundation.

#### 1. The First Three *Sullivan* Favor an Award of Attorneys Fees.

Notably, Plaintiff does not challenge or dispute any of the three primary *Sullivan* factors. *See generally* Resp. Plaintiff does not contest that: (1) it failed to establish a prima facie case (at least not directly related to the *Sullivan* factors); (2) the City never offered to settle this action (it never did); and (3) the case was dismissed at the pleading stage. As the City explained in its Motion, these three factors favor an award of entitlement to attorneys' fees to the City. Mot. at 6–7. Rather, Plaintiff's Response contests the fourth *Sullivan* factor: whether the case merited review. Plaintiff contends that its federal claims were not frivolous and spends considerable time reiterating case law that this Court flatly rejected because (despite Plaintiff's quips) the cases do not stand for the proposition (even remotely) that Plaintiff asserts. *See* [ECF No. 197] at 11–13, 15 (repeatedly concluding Plaintiff's positions lack support).

#### 2. The Fourth *Sullivan* Factor Favors the City Because Plaintiff's Claims Lacked Legal Foundation.

Plaintiff's Response doubles down on its unsupported claim that Florida law provides liberty and property rights in municipal procedural requirements. Resp. at 10. Yet, once again, *none of the cases* cited by Plaintiff stand for the proposition that Plaintiff has a protected liberty or property interest in the City's *procurement procedures*. *See id.* (citing *Moser v. Baron Chase Sec. Inc.*, 783 So. 2d 231, 236 n.5 (Fla. 2001) (addressing attorney's fees against bank broker arising from a securities arbitration award); *City of Rivera Beach v. Fitzgerald*, 492 So. 2d 1382, 1385 (Fla. 4th DCA 1986) (finding that police officer had a property interest in his employment); *Metro*

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

*Dade Cnty. v. Sokolowski*, 439 So. 2d 932, 934 (same); *Am. Optical Corp. v. Spiewak*, 73 So. 3d 120 (Fla. 2011) (addressing the retroactive application of the Asbestos and Silica Compensation Fairness Act).[2]

These cases are in *stark* contrast to Plaintiff's claim of property rights lurking within the City's procurement code. As the Court previously noted, "Plaintiff agrees that 'the law is well established that the mere failure to follow state procedures does not necessarily rise to the level of a violation of federal procedural due process rights.'" [ECF No. 197] at 11 (quoting *Maddox v. Stephens*, 727 F.3d 1109, 1124 n.15 (11th Cir. 2013)); *see also* [ECF No. 75] at 46 ("It is uncontroversial that constitutional due process does not, itself, require compliance with specific state- and municipal level procedures; as the City well knows, Penrod does not claim otherwise."). The Court further stated that Plaintiff cited *no case law* to support its "purported property interests" and that Plaintiff "provided no authority persuasive to the Court" to support its argument regarding its protected liberty interests. [ECF No. 197] at 13. This Court properly dismissed Plaintiff's due process claims with prejudice and held that Plaintiff failed to establish a protected liberty or property interest. [ECF No. 197] at 11–13, 15. Critically, the Eleventh Circuit has already found that "***the assertion of a constitutional claim based knowingly on a nonexistent property interest was legally groundless.***" *Head*, 62 F.3d at 356 (emphasis added) (awarding attorneys' fees to defendants).

Despite this clear language, Plaintiff continues to claim that its claims were well-supported by relevant precedent. Resp. at 9. What precedent? In dismissing the federal claims for failure to state a claim, the Court noted that (despite the ample time and opportunities to do so), Plaintiff had failed to provide *any* precedential support for its supposed liberty or property interest. *Id.* Indeed, the Court dismissed Plaintiff's claims based on long-established precedent noting that the "law is not unsettled," as Plaintiff had claimed. [ECF No. 197] at 13; *see also id.* at 14–15 (citing settled law on the legislative-versus-executive-action test for substantive due process claims).

---

[2] After citing these four cases, Plaintiff states it "supplied that authority to the Court." Resp. at 10. On the contrary, *City of Rivera Beach v. Fitzgerald*, 492 So. 2d 1382 (Fla. 4th DCA 1986), is the only one of these four cases *actually* cited in Plaintiff's response brief to the motion to dismiss [ECF No. 75]. Even if Plaintiff had cited these other three cases, however, none of these should or could change the Court's conclusion that Plaintiff failed to allege an underlying due process right.

Once again, Plaintiff points to *two* federal cases and contends it expected the Court to join its sister courts. Resp. at 11.[3] This illogical suggestion is simply baseless. Indeed, the cases cited by Plaintiff are not "long-established" as Plaintiff suggest, and the Court properly found them to not be persuasive because they have *no* support whatsoever to any of the claims on this matter. *See e.g.*, *Smith v. Wesson v. U.S.*, 782 F.2d 1074, 1081 (1st Cir. 1986) (finding that a liberty interest requiring due process arises against a federal government agency "*only* when a company is barred from the procurement process, or eliminated from it, *because of charges of fraud or dishonesty* made *without an opportunity for a hearing* on *those charges*") (emphasis added); *Old Dominion Dairy Prods. Inc. v. Sec'y of Def.*, 631 F.2d 953, 963–64 (D.C. Cir. 1980) (holding that because federal government violated the plaintiff was foreclosed from bidding on the contract due to charges of *dishonesty without* notice and a hearing). Neither of these cases are binding or have any application in regard to a request for procurement from a *Florida* municipality. Further, *neither* of these cases opine on liberty interest in *state-created* procedures. As this Court recognized, a party "has no constitutionally protected property interest in a contract which was not awarded to it." [ECF No. 197] at 11; *P'Ship for Cmty. Health, Inc. v. Dep't of Child. & Fams.*, 93 So. 3d 1191, 1193 (Fla. 1st DCA 2012). Second, assuming *arguendo* those cases had any application to the instant action, the City did not prevent Plaintiff from bidding on a contract after the City charged Plaintiff with dishonesty or fraud and did not provide a notice or hearing. These cases are entirely inapposite to the facts and allegations asserted in the instant action. [ECF No. 197] at 12. Thus, the Court correctly rejected Plaintiff claims and found that the interests at stake in those cases were markedly different. *Id.* Plaintiff knew, from inception of this action, that the cases had no application to the facts or claims in this action but proceeded anyway and continues to rely on these cases.

---

[3] Plaintiff's Response seems to suggest that because the Eleventh Circuit has not spoken on the issue, the Court did not comment on Plaintiff's federal authority. Resp. at 11. Plaintiff has ignored the following excerpt from the Court's Order:

> Plaintiff also notes that while the Eleventh Circuit has yet to opine directly on liberty interests in state-created procurement procedures, relevant precedent strongly supports the constitutional requirement of notice and a hearing before eliminating such procurement procedures. [ECF No. 75 at 46–47]. The Court disagrees with Plaintiff that the cases it cites support its arguments for notice and a hearing because the interests at stake in those cases differ from any alleged liberty or property interest here.

[ECF No. 197] at 11–12.

Regarding Plaintiff's re-argument of its substantive due process claim, Plaintiff's Response misses the mark. Specifically, Plaintiff continues to focus on whether April 2023 Resolution was a legislative or executive act, ignoring the allegations on the face of its pleading [ECF No. 69]. This argument puts the cart before the horse: the Court correctly found no underlying due process right, and no case law supported Plaintiff's contention that a due process right existed during Florida law. [ECF No. 197] at 11–13, 15. Further, as to Plaintiff's argument that it raised allegations that the April 2023 Resolution was a "legislative" act, the Court need not (and did not) "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court correctly held, "Even if Plaintiff had alleged a protectable liberty or property interest (and it has not), the Court would find that Plaintiff has not alleged a substantive due process violation here." [ECF No. 197] at 15.

Second, Plaintiff persists in its misleading characterization of cited case law. For example, in *Charles J. Arndt, Inc. v. City of Birmingham*, 748 F.2d 1486, 1494 (11th Cir. 1984), the Eleventh Circuit held that "[s]ince [the plaintiff] has not been deprived of its property interest, it cannot claim that it has been denied the substantive protections of the fourteenth amendment due process clause." Regarding any legislative action, the appellate court simply noted that the district court found "procedural due process need not be provided in the context of a legislative act, such as passage of the resolution." *Id. Mad Room LLC v. City of Miami*, 2023 WL 8598151, at *4–7 (S.D. Fla. 2023), is also readily distinguishable. In *Mad Room*, the city sought dismissal because it claimed the resolution at issue was an executive act because it directed the city to attorney to take certain actions regarding multiple properties. *Id.* However, the complaint contained allegations that the resolution altered the city's policy still in place for all other properties. *Id.* at *4. In stark contrast, the April 28, 2023 Resolution ("April Resolution") was undeniably an executive act because it *applied* to only one party, Boucher Brothers Inc., and one property (not a City-wide policy); this was clear on the fact of Plaintiff's operative complaint.

Finally, Plaintiff contends that the act was clearly legislative because the City has asserted legislative privilege on various aspects of discovery. The legislative privilege exists to protect legislators from explaining why "they voted a particular way or to describe their process of gathering information on that [resolution]." *Fla. House of Rep. v. Expedia, Inc.*, 85 So. 3d 517, 524 (Fla. 1st DCA 2012); *see also Florida v. Bryd*, 674 F. Supp. 3d 1097, 1104 (N.D. Fla. 2023). The fact that the City asserted the legislative privilege to prevent discovery as to *why* the City's

Commissioners voted on the Resolution *does not* diminish the fact that the April Resolution was an executive act.[4] Plaintiff's suggestion to the contrary (much likes its federal claims) is baseless, groundless, and without foundation.

At the end of the day, Plaintiff lacked a due process right, and no precedent has found a due process right in a municipal code's procurement procedures. Indeed, the Court ultimately decided Counts I and V on "well-settled" and long-established precedent. *See* [ECF No. 197] at 11–13, 15; *cf. Beach Blitz*, 13 F.4th at 1303 (finding that the claim did not warrant careful attention and review because "[t]he district court was not required to grapple with a novel area of law, nor was there any case law supporting the claims … [the] claims were dismissed based on long-established precedent"); *see also PBT Real Estate, LLC v. Town of Palm Beach*, No. 19-11264, 2021 WL 5157999, at *2 (11th Cir. Nov. 5, 2021) (holding that the trial court did not abuse its discretion in finding that the claims did not warrant close attention and awarding attorneys' fees pursuant to 1988 because the plaintiff provided "no cases to support its constitutional arguments"); *Hamilton*, 700 F. App'x at 886 (holding that a case did not merit careful attention even though the court had to rule on discovery issues and dismissed the claims at the summary judgment stage). Plaintiff's claims were not novel, no matter how hard Plaintiff attempts to draw that fiction; rather, Plaintiff's claims were clearly frivolous because they were without legal basis. Thus, all the *Sullivan* factors have been met, and the City respectfully requests entry of an order finding entitlement to attorneys' fees and non-taxable costs as the prevailing party, pursuant to 42 U.S.C. § 1988, with the amount to be subsequently determined.

### C. *The Court Should Not Deny the City's Request in Its Discretion.*

Plaintiff casts itself as public justice warrior attempting to enforce public procurement laws against the City. Resp. at 15. On the contrary (as Plaintiff itself admits), it is an international corporation with hotels, restaurants, and clubs "in luxurious locations worldwide." [ECF No. 69], ¶ 28. Plaintiff is litigating over its frustration that, after enjoying no public competition for the exclusive use of the City's public property since 1985, the City engaged in a competitive bidding process, and Plaintiff did not win the bid (indeed, it was not even considered because it failed to timely and properly submit any bid). In the two years since filing this lawsuit, Plaintiff has forced

---

[4] Indeed, the City continued to maintain that April 28 Resolution was executive in nature. The City asserted the legislative privilege to avoid waiver, given Plaintiff's continued mischaracterization as "legislative."

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

the City to incur attorneys' fees at enormous expense to the City's taxpayers, despite the fact that Plaintiff has never made it passed the Rule 12 stage.

Plaintiff seems to suggests that the City is improperly forum shopping. Resp. at 15–16. However, the City did not induce Plaintiff to amend its pleading to assert federal question claims. And once Plaintiff did amend (a fourth time), the City had every right to remove this action to federal court. Not once did Plaintiff ever seek to remand this action on the basis of an improper removal (because removal was proper). *See* [ECF No. 1-2]. Moreover, the City did not ask this Court to decline supplemental jurisdiction after dismissing the federal claims; the Court was entirely within its discretion to do so, but this does not amount to forum shopping by the City.

Further, *Baggs v. City of South Pasadena*, 958 F. Supp. 586, 589 (M.D. Fla. 1997), is distinguishable. *Baggs* dismissed the federal question claim at the summary judgment stage, and the court found that claim was *not* without foundation. *Id.* Here, on the other hand, the Court explicitly stated that Plaintiff's arguments in support of its due process claims "is without support under Florida law[,]" finding no underlying due process right. [ECF No. 197] at 13; *see also Head*, 62 F.3d at 356 (finding defendants entitled to fees because "the assertion of a constitutional claim based knowingly on a nonexistent property interest was legally groundless"). Plaintiff should not be rewarded for fabricating federal claims with no basis in law and having such claims dismissed with prejudice.

Plaintiff next attacks the City for a number of issues that came up during this litigation.[5] Resp. at 16. Yet, what Plaintiff refuses to accept is that *none* of this ever should have occurred in this litigation because Plaintiff *never could have* pled a proper federal claim in the first place. Plaintiff still has not survived the pleading stage—yet the City had to suffer Plaintiff's excessive, not proportional, and unreasonable discovery requests.

Finally, Plaintiff's contention that the City seeks fees solely and exclusively related to the two dismissed claims is not appropriate at this junction. The City has not placed what specific fees

---

[5] Plaintiff even goes so far as making the egregious statement that the "City begged" the Magistrate Judge not to sanction it. Not only does Plaintiff fail to cite the Magistrate Judge's orders or any portion of the record, this claim is factually unfounded. First, the *City* did not commit ESI production errors; a third-party ESI vendor did and, as the Magistrate Judge recognized, these were "mistakes—mistakes that [the City] is working to correct." [ECF No. 152] at 3. Second, the City prevailed in obtaining a protective order for the depositions of nine officials based on the apex doctrine. [ECF No. 126]. Finally, in declining Plaintiff's request for sanctions, the Magistrate Judge stated, "The Court understands that Defendants is attempting to ensure that discovery in this case is proportional given that Defendant is a public entity and the cists it incurs to respond to discovery are at taxpayer's expense." [ECF No. 111] at 3.

it is seeking to receive before this Court. Rather, the City is seeking entitlement and any contention as to what fees the City seeks is premature.

## II.   DEFERING ON THE DETERMINATION OF FEE ENTITLEMENT AND AMOUNT IS NOT MERITED.

Plaintiff's last-ditch argument that this Court should defer ruling on the fees motion (Resp. at 17–18) should be rejected. While the Court certainly does have the authority to defer on a determination of fees and costs, Plaintiff's authority is premised on *the existence of a pending appeal* before the Eleventh Circuit. *See Shapiro v. Wells Fargo Bank, N.A.,* No. 0:18-60250-CIV, 2019 WL 5291005, at *1 (S.D. Fla. June 13, 2019) ("Plaintiff requests that the determination of costs and fees should be deferred pending the conclusion of the currently-pending appeal"); *Britt Green Trucking, Inc. v. FedEx Nat'l LTL, Inc.,* No. 8:09-CV-445-T-33TBM, 2012 WL 12951321, at *1 (M.D. Fla. Jan. 26, 2012) ("On January 18, 2012, Plaintiffs filed an amended notice of appeal of same."); *Rafferty v. Denny's Inc.,* No. 1:19-CV-24706-DLG, 2020 WL 9048743, at *1 (S.D. Fla. Nov. 2, 2020) (noting plaintiffs' pending appeal); *Democratic Republic of the Congo v. Air Cap. Grp., LLC,* No. 12-20607-CIV, 2014 WL 12634405, at *1 (S.D. Fla. May 8, 2014) (noting defendants filed an appeal). As the City's Motion is now ripe and there is no appeal pending, there is no basis for deferring a ruling.

Accordingly, the City respectfully requests the Court enter an order finding its entitlement to attorneys' fees as the prevailing defendant on Plaintiff's frivolous federal due process claims, with the amount to be subsequently determined.

Dated: August 28, 2025

Respectfully submitted,

**WEISS SEROTA HELFMAN**
**COLE & BIERMAN, P.L.**
200 E. Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242

By: */s/ Anne R. Flanigan*
ERIC P. HOCKMAN
Florida Bar No. 64879
ehockman@wsh-law.com
msarraff@wsh-law.com

ANNE R. FLANIGAN

Florida Bar No. 113889
aflanigan@wsh-law.com
pgrotto@wsh-law.com

BRYAN C. SIDDIQUE
Florida Bar No. 1018191
bsiddique@wsh-law.com
mboschini@wsh-law.com

**CITY OF MIAMI BEACH**
1700 Convention Center Drive
4th Floor – Legal Department
Miami Beach, FL 33139
Telephone: 305-673-7470
Facsimile: 305-673-7002

FREDDI MACK, ESQ.
Florida Bar No. 111623
freddimack@miamibeachfl.gov

*Attorneys for Defendant*